VERPLANK AND OTHERS *against* CAINES AND HIS WIFE.      *June* 15th

A *demurrer* to a bill in equity must be founded on some dry point of law, which goes to the absolute denial of the relief sought.
If the demurrer is bad in part, it is bad *in toto*.
The appointing a *receiver* rests in the sound discretion of the court; and forms no ground for a demurrer to a bill praying for the appointment.

THE bill stated, that *Gulian Verplank* was seized, at the time of his death, of real estate in the counties of *Delaware*, *Sullivan*, and *Dutchess*; that, on the 16th of *October*, 1792, *V.* made a will, devising all his real and personal estate to his wife, (now the wife of *Caines*,) for life, and after her death, to such of his children as should be then living; and appointed his wife executrix, and *John Johnston*, and *Francis Upton*, executors of his will, with power to them, or any two of them, to sell any part of the said real estate which they might think proper. The testator died in *November*, 1799, leaving his children, the plaintiffs, his heirs and devisees, in remainder, of his real and personal estate. In pursuance of the power in the will, *John Johnston*, one of the executors, and the executrix, sold parts of the real estate, and took bonds and mortgages for the security of the purchase money.

In *May*, 1802, the executrix intermarried with the defendant, *Caines*; and, in consequence of which, some of the

1814.
VERPLANK
v.
CAINES.

bonds and mortgages came into his possession, or under his control; and he had received some of the principal moneys due thereon, for which he had refused to give any account to the plaintiffs.

The bill prayed for a discovery of the payments made by the purchasers, the amount of them, and when made, distinguishing what had been received for interest, and what for principal; and that all the said bonds and mortgages might be assigned to *John Johnston*, with power to receive the moneys, and to pay the interest thereon, annually, to the defendants, during the life of the wife, or that some other fit person be appointed *receiver* of the moneys, &c.

The defendants *demurred* to so much of the bill as sought a discovery of the sums received by the defendants for interest, and to that part which prayed for the appointment of a *receiver*, &c.

*Pendleton,* for the plaintiffs. (2 *Atk.* 387. 389. 3 *Ves.* jun. 253.)

*Caines,* contra. (9 *Johns. Rep.* 611. *Mitford's Pl.* 102. 136. *Cooper's Eq. Pl.* 166. 2 *Ves.* 247.)

THE CHANCELLOR. The defendants are not bound to account for, or, perhaps, to disclose the amount of interest which has been received by them, as the plaintiffs have no right to the same. The interest belongs exclusively to the defendants, under the will of the former husband of *Cornelia Caines,* and is a substitute for the rents and profits of the lands sold. But the defendants admit, in their answer, that they have received part of the principal due on the sales of the real estate of the testator, and for this they are accountable; and it may form ground for the interference of the court in appointing a receiver. The exercise of this power must depend upon sound discretion, and in a case in which it must appear fit and reasonable, that some indifferent

person, under approved security, should receive and distribute the issues and profits, for the greater safety of all the parties concerned. Such a question is not ripe for decision until the hearing, and it cannot be the ground of a demurrer, at least, upon the facts charged in this bill. A demurrer, as Lord *Loughborough* observed, in the case of *Brooke* v. *Hewitt*, (3 *Ves.* jun. 253.,) must be founded upon some certain and absolute proposition, destructive to the relief sought for. It must be founded upon some dry point of law, and not on circumstances in which a minute variation may incline the court either to grant, or modify, or refuse, the application. The demurrer is, as to this object, clearly bad; and the rule seems to be settled, that a demurrer is not like a plea, which can be allowed in part: it cannot be separated; and if bad in part, it is void *in toto*. (*Earl of Suffolk* v. *Green*, 1 *Atk.* 449. *Huggins* v. *York Buildings*, 2 *Atk.* 44. *Dormer* v. *Fortesque*, 2 *Atk.* 282. *Baker* v. *Pritchard*, 2 *Atk.* 389. *Baker* v. *Mellish*, 11 *Ves.* jun. 70.) Lord *Eldon* says, that where a demurrer is to be overruled for generality, it depends upon the leave of the court, whether the defendant shall put in another demurrer more limited; or, perhaps, the defendant, during the pendency of the argument, may apply for leave to amend, when the demurrer applies to part of the bill only. Under these explanations, he admits and enforces the general rule.