Barnard *v.* Lee.

## WALTER BARNARD *vs.* CHARLES LEE.

A bill in equity to compel specific performance of a bond in common form conditioned to convey to the complainant a parcel of land in the country upon payment of a stipulated price on or before the first day of April, which alleges that the complainant, after the date of the bond, occupied and improved the land with the respondent's knowledge and consent, and tendered the price with interest on the twenty-fifth day of May next ensuing, is not demurrable upon the ground that time was of the essence of the contract.

BILL IN EQUITY alleging that the respondent, being seised in fee of a certain tract of land in Deerfield, entered into an agreement with the complainant for the sale to him thereof, and executed and delivered to him a bond, dated August 2, 1865, which was fully recited in the bill. The condition of this bond was that if the complainant should " on or before the first day of

April, A. D. 1866, pay or cause to be paid the full sum of six hundred dollars and the interest accruing upon the same," and, "upon request," the respondent should "make and deliver to said Barnard a good and valid deed in fee" of the land, then the obligation should be void. The bill further alleged that the complainant, after the execution of this bond, was in possession of the land with the knowledge and consent of the respondent, and cultivated and improved it; that the respondent made no tender of a deed on April 1, 1866; that on May 25, 1866, the complainant tendered to him six hundred dollars, with interest thereon, "according to the tenor of the bond," and demanded of him a conveyance of the land, which he thereupon refused to give; and that since the latter day the complainant has always been and is ready and willing to pay the price, but that the respondent still refuses to convey the land. The prayer of the bill was for a decree to compel such a conveyance. The respondent filed a general demurrer, and the case was reserved by *Chapman*, J., for determination by the full court.

*S. O. Lamb*, for the respondent.

*W. S. B. Hopkins*, for the complainant.

GRAY, J. The doctrine that time is not of the essence of a contract is generally applied in equity to stipulations for the payment of money upon an agreement for the sale and purchase of real estate. The principal grounds of the doctrine are that the rule of the common law, requiring performance of every contract at the appointed day, is often harsh and unjust in its operation; that although some time of performance by each party is usually named in any agreement for the sale of land, it is often not regarded by the parties as one of the essential terms of their contract; and that a court of chancery has the power of moulding the remedy according to the circumstances of each case, and of making due compensation for delay, without punishing it by a forfeiture of all right to relief. This equitable doctrine was formerly carried to an unreasonable extent, and the specific performance of contracts enforced after such a lapse of time and change of circumstances as to produce as much injustice as it avoided. In modern times, the doctrine has been more guard-

edly applied , and it is now held that time, although not ordina·
rily of the essence of a contract in equity, yet may be made so
by clear manifestation of the intent of the parties in the con-
tract itself, by subsequent notice from one party to the other, by
laches in the party seeking to enforce it, or by change in the
value of the land or other circumstances which would make a
decree for the specific performance inequitable.

The best statements, in the English books, of the rule and its
reasons and limitations are perhaps to be found in the opinions
of those judges whose practical experience in the common law
enabled them more intelligently to restrain the application of the
rule within proper limits ; as, for instance, by Lord Eldon in the
leading case of *Seton* v. *Slade*, 7 Ves. 273, 274, by Lord Erskine
in *Hearne* v. *Tenant*, 13 Ves. 288, and by Baron Alderson in
*Hipwell* v. *Knight*, 1 Y. & Col. Exch. 411, 415, 416. In this
age and country, as suggested by Mr. Justice Livingston in his
dissenting opinion in *Hepburn* v. *Auld*, 5 Cranch, 279, by Mr.
Justice Chapman, in *Richmond* v. *Gray*, 3 Allen, 30, 31, and
*Goldsmith* v. *Guild*, 10 Allen, 241, 242, and by many judges in
other states, the more frequent fluctuations in the value of land,
and in the business and circumstances of men, than in England
when the doctrine was established, are important to be consid-
ered in each case, and especially when the vendor sues to com-
pel the specific performance of a contract for the purchase of
land to which he is unable to make a good title at the time
of bringing his suit. But the general doctrine has been adopted
by American courts of chancery, and has been repeatedly recog-
nized and affirmed by the supreme court of the United States
and by this court. *Hepburn* v. *Dunlop*, 1 Wheat. 196. *Brashier*
v. *Gratz*, 6 Wheat. 533. *Taylor* v. *Longworth*, 14 Pet. 174, 175.
*Fuller* v. *Hovey*, 2 Allen, 325. *Goldsmith* v. *Guild*, 10 Allen, 241.

Although the parties may make time of the essence of their
contract by express stipulations to that effect, it is not sufficient
that they should name the time of performance in the contract,
and thus manifest their intention distinctly enough for the pur-
poses of a court of law. But it must appear that they really
intended to make such time an essential element of their agree-

ment; in the words of Lord Erskine in 13 Ves. 289, "a material object to which they looked in the first conception of it;" or as Baron Alderson, in 1 Y. & Col. Exch. 415, stated the result of the previous authorities, "A court of equity is to be governed by this principle: it is to examine the contract, not merely as a court of law does, to ascertain what the parties have in terms expressed to be the contract, but what is in truth the real intention of the parties, and to carry that into effect." The mere circumstance therefore that the instrument is in the ordinary form of a bond, concluding with the clause that it shall be void in case of a breach of the condition, otherwise remain in full force, does not necessarily make time of the essence of the the contract. *Molloy* v. *Egan,* 7 Irish Eq. 592. *Jones* v. *Robbins,* 29 Maine, 351.

It is doubtless for the party who, having failed to perform his part of the contract according to its terms, yet asks to have the agreement of the other party specifically performed, to satisfy the court that he is entitled to the relief which he seeks. *Hipwell* v. *Knight,* 1 Y. & Col. Exch. 415. *Taylor* v. *Longworth,* 14 Pet. 175. *Todd* v. *Taft,* 7 Allen, 377. But the fact that the obligee, with the knowledge and consent of the obligor, has entered upon and occupied the premises and made improvements thereon, is ordinarily decisive to entitle him to the favorable interposition of a court of equity, when it does not appear that there has been any other change in the value of the land, when time was not originally of the essence of the contract and has not been made so by notice, and he has been guilty of no laches in applying for relief. *Gibson* v. *Patterson,* cited 4 Ves. 690, note; West Ch. 235, and note. *Waters* v. *Travis,* 9 Johns. 457, 466, 467. *Edgerton* v. *Peckham,* 11 Paige, 352.

The decisions of this court afford no precedent for sustaining the demurrer. In *Richmond* v. *Gray,* 3 Allen, 25, the suit was by the obligor; it was one of the terms of the contract that the title should be examined; the defendant, who had entered by agreement before such examination, and removed a cellar wall, cut trees, and done other similar acts upon the premises, abandoned the possession, upon discovering that the title was de-

fective, and, after vain attempts to make arrangements with the plaintiff to perfect the title, gave him notice that he should not accept a conveyance ; and the plaintiff was unable to make a title until six months after such notice, and even then subject to a liability for debts which continued when the suit was brought. In *Fuller* v. *Hovey*, 2 Allen, 324, the plaintiff, after requesting and being refused an extension of the time of payment of a sum already due by the terms of his agreement, neglected for more than three years to make any payment or bring his suit.   In *Goldsmith* v. *Guild*, 10 Allen, 239, the land was in Boston, and there was evidence that it was subject to frequent fluctuations and had actually altered in value.

The land described in this bill is in the country, and there is nothing in the case as now presented to show that its value was subject to fluctuation or had in fact changed between the dates of the agreement and of the tender of payment ; and it is alleged in the bill and admitted by the demurrer, that the piice agreed, with interest, was tendered by the plaintiff within two months after the time stipulated, and before any demand or notice by the defendant ; and that the plaintiff from the date of the agreement, with the knowledge and consent of the defendant, was .in possession of the premises and cultivated and improved the same.   Upon proof of such a state of facts, unqualified by other evidence, time could not be held to be of the essence of the agreement.

The question whether time is to be deemed of the essence of the contract depends upon all the circumstances of the case, and is not ordinarily to be decided until the hearing.   *Levy* v. *Lindo*, 3 Meriv. 81.   *Foxlowe* v. *Amcoats*, 3 Beav. 496.   *Verplank* v. *Caines*, 1 Johns. Ch. 59.   If indeed it were clear upon the face of the bill that proof of all its allegations exactly as stated would not support it, the defendant might take the objection by demurrer, without being put to the trouble and expense of further proceedings.   *Foster* v. *Hodgson*, 19 Ves. 184.   *Hovenden* v. *Annesley*, 2 Sch. & Lef. 638.   But as upon the case set forth in this bill the plaintiff shows himself to be entitled to the specific performance for which he prays, the order must be

*Demurrer overruled.*