(85 South. 544)

## SOUTHERN COTTON OIL CO. v. DOWLING.
### (4 Div. 847.)

(Supreme Court of Alabama.. April 22, 1920.
Rehearing Denied May 27, 1920.)

**1. Tender ⬤⟞14(5)—Offer to send check on condition that it would be received as payment is not tender.**

In assumpsit for a balance claimed on account, where defendant's plea set up a tender, evidence that defendant offered to send plaintiff a check for an amount conceded, if it would be received as full payment, was properly excluded, as it did not show a tender, but was a mere conditional proposition, unaccepted by plaintiff.

**2. Witnesses ⬤⟞245—Exclusion of evidence already introduced not error.**

Where defendant's witness had twice testified concerning a matter, the sustaining of plaintiff's objection was not error.

**3. Sales ⬤⟞358(6)—Exclusion of evidence as to dirt in peanuts proper.**

In an action for an amount due on account of sale of peanuts, where, under theory of both plaintiff and defendant, deduction was to be made for dirt, evidence as to whether the cars contained more than the usual amount of dirt was properly excluded.

**4. Sales ⬤⟞358(2)—Evidence tending to refute claim of modification as to price held admissible.**

In an action for the price of peanuts, where defendant claimed that after samples were taken from the cars a lower price was agreed upon, testimony by plaintiff as to whether he saw any samples being made, which tended to contradict defendant's claim that samples were taken before the cars were unloaded, was properly received.

**5. Tender ⬤⟞29—Where no evidence of money proffered, general charge against plea proper.**

Where there was no evidence of production or proffer of money, a general charge in favor of plaintiff in assumpsit for an account stated is proper as against a plea of tender.

**6. Account stated ⬤⟞20(1)—General charge proper, where proof did not conform to pleadings.**

In assumpsit on an account stated for the sale of peanuts, where the evidence as to conditional offer of payment did not conform to the offer of payment pleaded, a general charge for plaintiff was proper.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Assumpsit by H. H. Dowling against the Southern Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is stated on the common counts, as for an account stated, balance due on account, and for goods, wares, and merchandise sold. The pleas were:

(1) The general issue.

(2) That the basis of the account sued on is two carloads of peanuts shipped by the plaintiff to the defendant, and defendant avers that it purchased from plaintiff, and plaintiff sold it, two carloads of clean, sound peanuts at and for the sum of $88 per ton; that on or about, to wit, the 12th or 14th day of December, 1918, the plaintiff delivered to the defendant two carloads of peanuts, but said peanuts were not sound and were not clean, and this defendant refused to accept said peanuts on said contract; that the defendant and plaintiff then agreed between themselves, and plaintiff sold and this defendant bought the said two carloads of peanuts, free from dirt and trash, at and for the sum of $85 per ton—it being further understood and agreed between the parties that the defendant after a more thorough investigation of the quality of the peanuts, would allow or pay the plaintiff the increased value of said peanuts up to $88 per ton, provided they were in fact better than the sample indicated from the loaded car; that in accordance with said agreement the defendant unloaded said two cars on or about, to wit, the 24th day of December, 1918; that the actual net weight of one of the cars was 54,113 pounds, after the proper deduction for the dirt and trash, but the quality of said peanuts in said car was not better than the sample had previously indicated, and this defendant owed to the plaintiff for said first car the sum of, to wit, $2,299.80. Defendant further avers that the second car of said peanuts had, to wit, 39,002 pounds of peanuts, after allowing proper deduction for dirt and trash in same; but this said car was better than the samples indicated, and the defendant owed plaintiff for the said car $88 per ton, or $1,710.08. This defendant has paid to the plaintiff, on or about, to wit, the 12th day of December, 1918, the sum of $2,000, and on or about the 28th day of December, 1918, it paid out for the plaintiff the sum, to wit, $35.82, as demurrage on said car, and this defendant avers that it owes the plaintiff a balance of $1,980.86.

(3) Defendant adopts all of said plea 2 as hereinabove set forth, and makes the same a part of this third plea. Defendant further avers that on or about, to wit, the 24th day of December, 1918, that this defendant offered to pay to the plaintiff the said balance due on said cars of peanuts, to wit, $1,980.86, and that plaintiff refused to receive the same sum. The defendant now brings the money into court.

(4) The defendant, for answer to the complaint, saith that it tendered plaintiff the amount due him, to wit, $1,980.86, before this action was commenced, and now brings the money into court.

(5) The defendant, for further answer to the complaint, saith that before this action was commenced it offered to pay to the plaintiff the amount due to him, to wit, $1,980.86, and he now brings the money into court, and defendant avers, further, that the plaintiff failed and refused to accept said sum, and notified the defendant that he would not accept same.

Defendant offered to show by Ed Hawkins that he heard Ramsey say to Dowling over

the phone, two or three days after the cars were unloaded, that the cars had been unloaded, and stated the weights of the cars, as shown by the weights marked on each one of them, and also the weights of the peanuts, after the dirt and trash had been deducted, and further heard Ramsey tell Dowling that he would send check for the peanuts at $88 per ton for the small car and $85 per ton for the large car, based on the weight of the peanuts after the dirt and trash had been deducted. The court sustained objection to the same.

The third assignment is in sustaining objection to question to the same witness:

"Were you present and did you weigh one of the cars?"

The seventh assignment of error is that the court erred in permitting Mr. Dowling to answer the following question:

"Did you see anything of any samples being made up there?"

Farmer, Merrill & Farmer, of Dothan, for appellant.

Telephone conversations are admissible. 202 Ala. 367, 80 South. 449; 81 South. 353. The other evidence was admissible. 4 Ency. Dig. Ala. 122. The court should have granted a new trial on the pleadings. 156 Ala. 581, 47 South. 140; 201 Ala. 256, 77 South. 846; 112 Ala. 379, 21 South. 351; 132 Ala. 268, 31 South. 715.

Lee & Tompkins, of Dothan, for appellee.

Counsel discuss the various assignments of error, but without citation of authority.

SAYRE, J. This controversy arose out of a sale of two carloads of peanuts by plaintiff, appellee, to defendant, appellant.

[1] There was no error in the exclusion of the testimony of the witness Hawkins as to the offer of Ramsey, defendant's bookkeeper, by telephone, to pay plaintiff for the peanuts according to stated weights and at stated prices. Defendant's insistence is that this testimony tended to support pleas 2, 3, and 5, and that, however defective these pleas may have been, they were not tested by demurrer, and testimony in support of them should have been received. Plea 2 alleged nothing more than a partial payment, and that the balance due was less than the amount claimed by plaintiff. Of course, the statement by defendant's agent had no tendency of legal account toward the establishment of that plea. The trial court was justified in treating pleas 3 and 5 as an appeal in some sort to the law of tender. In that law an offer to pay is an actual offer. Ramsey's statement by telephone, he being at Dothan, to plaintiff, that defendant would send a check for substantially the amount the latter admitted to be due, was not a tender, nor was it an actual offer to pay. It was merely an expression of readiness or willingness, one or both, to send a check for the amount conceded by defendant to be due; the implication being that plaintiff should receive the check as payment in full. 38 Cyc. 142; McIntyre v. Carver, 2 Watts & S. (Pa.) 392, 37 Am. Dec. 519. It was a mere conditional proposition, in the absence of an acceptance, amounting to nothing. Camp v. Simon, 34 Ala. 126. It was not the unconditional offer alleged in the pleas.

[2] The question made the subject of the third assignment of error, referred to in appellant's brief as error No. 2, was but a repetition on defendant's redirect examination of a matter about which the witness had already twice testified. Its allowance in these circumstances was discretionary with the court, and no error can be affirmed of the court's ruling in sustaining plaintiff's objection.

[3] Since defendant sought to be relieved of a part of plaintiff's claim on the ground that it represented dirt, instead of peanuts, and since, under the contract between the parties, whether the jury accepted plaintiff's or defendant's version, defendant could not be required to pay for dirt, neither version going to sustain that proposition, no legal injury was done to the defense by the court's exclusion of the proffered testimony to the effect that the carloads of peanuts in question contained more than an average quantity of dirt. The actual amount of dirt in these carloads was a relevant fact, and defendant had the benefit of testimony as to that—in fact its testimony as to that was not contradicted; but a comparison with average carloads had no legitimate place in the evidence.

[4] There was no error in admitting plaintiff's testimony set out in the seventh assignment of error. This testimony tended in some degree to contradict evidence for defendant to the effect that samples of the peanuts had been taken before they were unloaded, and this shed some light on the question, controverted between the parties, as to the quality of the peanuts and the agreement of the parties in respect thereto.

[5, 6] The court gave the general affirmative charge against defendant's fourth plea, the plea of tender, and refused defendant's requested charge that defendant was entitled to a verdict under its third plea, viz. that defendant had offered to pay the sum which it brought into court. These rulings, and the ruling against the motion for a new trial, which, in the main, depended upon them, were free from error. Plaintiff was entitled to the charge against the plea of tender, because there was no evidence of a production and proffer of the money. Rudulph v. Wagner, 36 Ala. 698. As to the third plea, if that be accepted as intending something different from the plea of tender, the general charge was well refused, for the reason that the evi-

dence tended to show an offer of less than the amount due, upon condition that it be accepted as payment in full. The plea was bad; but, accepting it as stating one of the issues upon which the parties were satisfied to try the cause, it is enough to say of the contention now made with respect to it that it did not allege the conditional offer which the evidence tended to support.

No error appearing, the judgment must be affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.