ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

(87 South. 543)

**ISOM et al. v. JOHNSON.** (8 Div. 259.)

(Supreme Court of Alabama. Dec. 2, 1920. Rehearing Denied Jan. 6, 1921.)

1. Contracts ☞211—Time not regarded as of essence in equity.

The general rule is that in equity time is not regarded as of the essence of contracts.

2. Vendor and purchaser ☞78—Time regarded as of essence where subject-matter fluctuates in value.

If the subject-matter of an executory contract of sale is one of rapidly fluctuating value, time is ordinarily regarded as of the essence.

3. Evidence ☞18—Judicial notice of fluctuation of lands in value to take contract out of rule as to whether time of essence not taken.

The Supreme Court cannot take judicial notice of any such rapid fluctuation in the value of lands generally or in a particular county as would take a contract for sale of lands out of the general rule that in equity time is not regarded as of the essence of contracts.

4. Vendor and purchaser ☞78—New agreement extending time for payment evidence payment within month specified essential.

New agreement between parties to contract for the purchase and sale of lands, extending the time within which complainant purchaser might pay, must be accepted in his suit for specific performance as evidence that payment within the month of December specified in the new agreement was considered to be essential.

5. Vendor and purchaser ☞78—Buyer under duty to make tender of price during month fixed.

Where lands were purchased and a new agreement was made extending the time for

payment to December, it was incumbent on the buyer, seeking specific performance, to make an actual tender of the agreed purchase price during such month; payment then having, by the new agreement, been made essential.

**6. Vendor and purchaser ⬅══187—Seller may waive buyer's failure to tender price.**

Failure by the buyer of lands to make tender of the agreed price in the month fixed could not avail the seller in the buyer's suit for specific performance, if by his conduct he waived performance within the time stipulated—a question to be determined in each case on its own circumstances.

**7. Vendor and purchaser ⬅══187 — Equivocal speech by seller not waiver of tender of price.**

Equivocal speech by the seller of lands when approached by the buyer was not sufficient to constitute waiver of tender of the price.

**8. Vendor and purchaser ⬅══187—"Waiver" by seller of tender by buyer must be manifested unequivocally.**

The question of "waiver," as by the seller of land of the buyer's tender of the agreed price when due, being the voluntary surrender of a known right is in the main a question of intention, and to be effectual must be manifested in some unequivocal manner, express or by language or conduct clearly evincing the intention to surrender.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

Gardner, J., dissenting.

Appeal from Circuit Court, Limestone County; Robt. C. Brickell, Judge.

Bill by W. H. Johnson against Arthur L. Isom and another to specifically enforce a written contract to convey land. From a judgment overruling demurrers to the bill, respondents appeal. Reversed and remanded.

Sanders & Sanders, of Athens, for appellants.

While equity abhors a forfeiture, and time is not ordinarily of the essence of the contract therein, it may be made so. 25 R. C. L. 256. Time may be made essential by express stipulation, or by implication. Pomeroy's Equity, § 1408; 33 Ind. App. 434, 70 N. E. 271, 104 Am. St. Rep. 255. Where the value of land is rising rapidly, this fact is evidential, to show time to be the essence of the contract. 3 Abb. N. C. 12; (D. C.) 52 Fed. 654, and authorities supra When time is of the essence, default will defeat performance. Pomeroy's Equity, §§ 1408 and 2233, note 35, and cases cited; 46 N. Y. 223; 25 R. C. L. 256; 14 Pet. 172, 10 L. Ed. 405; 2 How. 511, 11 L. Ed. 353; 33 Mich. 500; 24 N. J. Eq. 422; 129 Mass. 405; 6 Wheat. 528, 5 L. Ed. 322.

Horton & Patton, of Athens, for appellee.

Equity does not regard time as of the essence of a contract for the sale of land. 89 Ala. 402, 8 South. 114; 202 Ala. 690, 81 South. 666; 87 Ala. 158, 6 South. 1; 72 Ark. 359, 80 S. W. 574, 105 Am. St. Rep. 42; 6 R. C. L. 899; 33 Ind. App. 434, 70 N. E. 271, 104 Am. St. Rep. 266; 14 Mich. 109, 90 Am. Dec. 230; 2 Iowa, 126, 63 Am. Dec. 477; 2 Story's Equity, 776. The vendor cannot put an end to the contract without a formal and reasonable notice. 87 Ala. 158, 6 South. 1; 104 Mass. 407; 1 D. & B. Equity, 237. A purchaser of real estate with notice has no greater right than his vendor. 72 Ark. 359, 80 S. W. 574, 105 Am. St. Rep. 42; 10 Minn. 448 (Gil. 360), 88 Am. Dec. 76, 14 Mich. 109, 90 Am. Dec. 230.

SAYRE, J. Appellee filed the bill in this cause seeking the specific performance of a contract by which appellants agreed to sell and convey to appellee a certain tract of land in Limestone county at a stipulated price per acre. This contract was executed on August 11, 1919. Payment of the purchase money was to be made December 1, 1919, and possession delivered. January 1, 1920, after payment. Warranty deed was to be executed and delivered upon payment of the purchase price. Appellants' demurrer was overruled, after which this appeal.

[1-3] It is contended in the first place that time was of the essence of this contract, and hence that appellee lost his right to a conveyance by failing to pay, or tender payment, on the stipulated date. The general rule is that in equity time is not regarded as of the essence of contracts. But, observes the Supreme Judicial Court of Massachusetts in Barnard v. Lee, 97 Mass. 92:

"This equitable doctrine was formerly carried to an unreasonable extent, and the specific performance of contracts enforced after such a lapse of time and change of circumstances as to produce as much injustice as it avoided. In modern times, the doctrine has been guardedly applied; and it is now held that time, although not ordinarily of the essence of a contract in equity, yet may be made so by clear manifestation of the intent of the parties in the contract itself, by subsequent notice from one party to the other, by laches in the party seeking to enforce it, or by change in the value of the land or other circumstances which would make a decree for the specific performance inequitable." Sheffield Co. v. Neill, 87 Ala. 158, 6 South. 1; Haggerty v. Elyton Land Co., 89 Ala. 428, 7 South. 651; 5 Pom. Eq. Jur. (4th Ed.). § 2232; 2 Page on Contracts, § 1161 et seq.

We do not find in the language of the original contract.in this case any clear manifestation of an intent that time should be of its essence. The foregoing authorities show also that if the subject-matter of an executory contract of sale is one of rapidly fluctuating value, time is ordinarily looked upon as of the essence, and in this cause we are asked to take judicial notice of the fact that the

value of farm lands in Limestone county fluctuated rapidly at and around the time of this contract; but we feel constrained to deny such notice of fluctuation in the value of lands, generally or in Limestone county, as would take this contract out of the general rule.

"Although time is not ordinarily essential, yet it is, as a general rule, material. In order that a default may not defeat a party's remedy, the delay which occasioned it must be explained and accounted for. The doctrine is fundamental that a party seeking the remedy of specific performance, and also the party who desires to maintain an objection founded upon the other's laches, must show himself to have been 'ready, desirous, prompt, and eager.' " 4 Pom. Eq. Jur. (4th Ed.) §§ 1408, 2234.

In order to meet the objection that he failed to pay the money as stipulated, complainant avers that prior to December 1, 1919, he paid to defendant A. L. Isom the sum of $250 on the purchase money, and that the latter has never offered to return the same. If this payment were simply a payment on purchase money, time, in consequence of its retention, might have ceased to be material to the contract in suit. 5 Pom. Eq. Jur. § 2234. But the contract discloses that "to bind himself for the payment of the farm described" plaintiff was to pay the sum of $500, which was to be retained upon default in the payment of the full purchase price. The result, we think, is that the retention of $250, paid as a part of the $500 which was to be paid in any event, had no effect upon the materiality of the stipulation as to time.

But, further, the bill avers that prior to December 1st complainant applied to one Vaughan for a loan of the money with which to make payment to defendants according to contract; that Vaughan said he would have the money in a few days; that complainant told defendant Isom what Vaughan had said, and that thereupon defendant said that any time during December would do for the payment of the purchase money; that in December complainants "arranged for the money" and told Isom he was ready, but that "Isom neither agreed nor refused to carry out the contract, but stated that he would think it over;" that on several similar occasions Isom said he would do what was right, but that recently he has refused to carry out the contract; has refused to receive the purchase money or execute a deed; has denied that he is longer bound. This is the abbreviated substance of matter brought forward in the bill to show that defendant Isom waived his right to insist upon performance of the contract according to its strict terms; that by his conduct he indicated that he would accept a delayed performance, that is, a performance during December; and that, finally, he led complainant to the reasonable belief that he would not forfeit his right under the contract by failing to perform, or tender performance, even then.

[4-8] The new agreement averred, extending the time in which complainant might pay, must be accepted as evidence that payment within the month of December was considered to be essential. Chabot v. Winter Park Co., 34 Fla. 258, 15 South. 756, 43 Am. St. Rep. 192; Foster v. Ley, 32 Neb. 404, 49 N. W. 450, 15 L. R. A. 737; King v. Ruckman, 20 N. J. Eq. 316; 4 Pom. Eq. Jur. § 1408, note bottom of page 3344. But complainant neither performed, nor tendered performance, within the time limited by the new agreement, though he did "arrange for the money" and tell defendant he was ready. It may be conceded that in the ordinary case the complainant's offer to perform may be made in his bill; but an expression of readiness or willingness to perform, one or both, such as the bill here avers, is not the equivalent of an actual offer to perform. Sou. Cot. Oil Co. v. Dowling, 85 South. 544;[1] Cowan v. Harper, 2 Stew. & P. (Ala.) 236; 38 Cyc. 142. And in this case it was incumbent upon the vendee, complainant, to make an actual tender of the agreed purchase price during the month of December, since, as we have seen on the authorities, payment within that month had by the new agreement been made essential. This was the very meaning of the new contract. 4 Pom. Eq. Jur. § 1407, note on page 3341; 29 Am. & Eng. Encyc. 692; Hart v. McClellan, 41 Ala. 251; Mitchell v. Wright, 155 Ala. 458, 46 South. 473. But, of course, the failure to make a tender could not avail the demurrant if by his conduct he waived performance within the time stipulated, and this question, it seems, must be determined in each case upon its own circumstances. Pom. § 2236. It may be conceded that the speech of the vendor when approached by the vendee was equivocal, but that was not sufficient to constitute a waiver. 40 Cyc. 261–263, note on page 263. The question of waiver, the voluntary surrender of a known right, is in the main a question of intention, and the authorities hold that, to be effectual, it must be manifested in some unequivocal manner; if not express, then by such language or conduct as to evince clearly the intention to surrender. Bennecke v. Insurance Co., 105 U. S. 355, 26 L. Ed. 990; Balfour v. Parkinson (C. C.) 84 Fed. 855, 861. Quoting Sanborn, J., in Rice v. Fidelity & Deposit Co., 103 Fed. 427, 435, 43 C. C. A. 270, 278:

"To constitute a waiver, there must be an intention to relinquish the right, or there must be words or acts calculated to induce the other contracting party to believe, and which deceive him into the belief, that the holder of the right has abandoned it."

[1] 204 Ala. 303.

"A waiver will not be implied from slight circumstances, but must be evidenced by 'an unequivocal and decisive act, clearly proved." 29 Am. & Eng. Law, p. 1105.

Without undertaking to state the difference between. waiver and estoppel, or the conditions in which a waiver must have the support of a valuable consideration, we think it enough to say that the facts alleged in complainant's bill do not make it to appear that defendant intended to waive his right, under the new agreement alleged, to have the contract performed, if at all, within the month of December, or that complainant should have been led, reasonably, to the conclusion that defendant did intend to accept performance at a subsequent time. To the contrary, defendant's language and conduct should have awakened complainant to an appreciation of the fact that performance within the stipulated period might be required, 40 Cyc. 261, 265.

It follows from what has been said that the demurrer to the bill in this cause should have been sustained.

Reversed and remanded.

All the Justices concur, except GARDNER, J., who dissents.