51 So.2d 20

### WILSON v. THOMPSON.

4 Div. 621.

Supreme Court of Alabama.

Feb. 15, 1951.

L. A. Farmer, of Dothan, for appellant.

Lewis & Lewis, C. R. Lewis and P. S. Lewis, all of Dothan, for appellee.

LIVINGSTON, Justice.

This appeal is from a decree of the Circuit Court, in Equity, of Houston County, overruling demurrers to a cross bill.

The original bill in the cause was filed by Mrs. W. J. Wilson and W. J. Wilson against Mrs. John A. Thompson, and sought specific performance of an oral agreement for the sale of a certain described house and lot in the city of Dothan, Houston County, Alabama: Mrs. Thompson being the alleged vendor and the Wilsons the vendees.

In substance the original bill alleged that, on June 2, 1949, the Wilsons and Mrs. Thompson entered into an oral agreement, under the terms of which the Wilsons agreed to purchase and Mrs. Thompson agreed to sell the said house and lot at and for the sum of $12,000. $250 of the purchase price was paid in cash, the balance to be paid in monthly installments of $150 each for the first year after the contract was entered into, and $125 per month thereafter until the balance of the purchase price, together with interest, had been paid in full, and at which time Mrs. Thompson would execute and deliver to the Wilsons a warranty deed conveying the property to them: that Mrs. Thompson put the Wilsons in possession of the property, and they had so remained ever since. It was further alleged that, as a part of said agreement, Mrs. Thompson agreed that after the Wilsons had paid $500 of the purchase price Mrs. Thompson would execute and deliver to them a bond for title; that after $500 of the purchase price had been paid, the Wilsons requested and demanded of Mrs. Thompson the execution and delivery of the bond for title, but that Mrs. Thompson refused, but did promise at that time that when $1,000 had been paid on the purchase

price she would execute and deliver a warranty deed conveying the house and lot to the Wilsons, and would take a mortgage back for the balance due on the purchase price; that after $1,000 had been paid on the purchase price the Wilsons called on Mrs. Thompson to execute and deliver said deed and offered to execute said mortgage, but that Mrs. Thompson refused. That since the agreement between the parties on June 2, 1949, Mrs. Thompson had, without the consent of the Wilsons, advanced the purchase price of the property to $15,000 and later to $20,000; that on the 17th day of March, 1950, Mrs. Thompson served written notice on Mrs. Wilson that her possessory interest in the property was terminated and to quit and surrender possession of the house and lot within ten days from the service of said notice. In the bill of complaint complainants offer to do equity, and pray for the specific performance of the oral agreement of June 2, 1949.

The answer of Mrs. Thompson to the original bill denies in substance the allegations thereof.

Omitting its formal parts, the cross bill filed by Mrs. Thompson against Mrs. Wilson (Mr. Wilson is not made a party to the cross bill) is in words and figures as follows:

"(B) That on, to wit, June 2, 1949, cross complainant entered into an oral agreement with cross respondent wherein cross complainant agreed to sell to cross respondent the following described real estate situated in Houston County, Alabama, to wit:

"Beginning at inner edge of sidewalk at northwest intersection of Foster and Newton Streets; thence north along Foster Street 98 feet to southeast corner of A. L. Faulk lot; thence west parallel with Newton Street 180 feet to fence; thence north parallel with Foster Street 96 feet; thence east 180 feet to Foster Street; thence south along street to southeast corner of A. L. Faulk lot; said lot being a part of the SE¼ of SW¼ section 13, Township 3, Range 26, together with all improvements thereon, at and for the sum of $20,000, with interest thereon at 6% per annum

payable annually, said purchase price to be paid cross complainant by cross respondent as follows: $400 of said purchase price to be paid cross complainant by cross respondent on June 2, 1949, and $200 per month to be paid thereafter on the first of each month until said purchase price was paid in full, together with interest on said purchase price at 6% per annum to be paid each year, cross respondent to pay all taxes, insurance and the cost of upkeep and maintaining said property; that cross complainant agreed with cross respondent that if she complied with the terms of said agreement, cross complainant would execute to cross respondent a written bond for title agreeing to convey said property to said Mrs. W. J. Wilson upon said verbal terms and conditions so agreed upon, after cross respondent had paid cross complainant the sum of $1,000 on the purchase price, provided cross respondent complied with the terms of said agreement; and in said verbal agreement cross complainant agreed to convey to cross respondent aforesaid property upon the payment by cross respondent of said sum of $20,000 with interest thereon each year at 6% per annum, in installments as agreed and provided cross respondent paid the taxes, insurance and cost of upkeep and maintenance of said property.

"(C) That cross respondent has failed to comply with the terms of aforesaid agreement and has gotten further and further behind in said monthly installments which she agreed to pay; that she has failed to pay for the cost of the proper maintenance and upkeep of said property; that she has failed to pay the cost of insuring said property; that she paid cross complainant only $105 in February, 1950, and in March, 1950, she paid cross complainant only $45 on March 6, 1950, and $50 on March 15, 1950; that for and on account of cross respondent's failure to comply with the terms of aforesaid verbal bond for title agreement, cross complainant, on March 17, 1950, served written notice on cross respondent that because of her failure to comply with the terms of aforesaid verbal bond for title agreement that cross complainant had cancelled and annulled said agreement, and notified cross respond-

ent that any possessory interest she had in said property was terminated and notified her to quit and surrender possession of said real estate to cross complainant within ten days from the service of said notice, and that suit for possession of said real estate would be filed against her if she failed to do so.

"(D) That on March 22, 1950, cross respondent and W. J. Wilson filed their complaint in this court seeking specific performance of an alleged verbal bond for title agreement as set out in said complaint; that the alleged bond for title agreement set out in said complaint never existed.

"(E) That cross respondent went into possession of said property on to wit, June 2, 1949, and has been in possession thereof ever since, occupying the same and receiving large amounts of money from roomers and boarders thereat; that cross respondent has paid to cross complainant under aforesaid verbal bond for title agreement through March 15, 1950, only the total sum of, to wit: *$1,261,* whereas, under said agreement cross respondent, had she complied with the terms thereof, should have paid cross complainant the sum of $2,400, plus the pro rata cost of insurance and taxes for 1949; that notwithstanding that cross respondent has failed to comply with the terms of said verbal agreement, and notwithstanding that cross complainant did on March 17, 1950, exercise her right to cancel and annul said agreement on account of cross respondent's aforesaid noncompliance, cross respondent has failed or refused to deliver possession of said property to cross complainant, and continues in possession thereof and enjoying said property and realizing a large income therefrom.

"(F) That the fair and reasonable rental value of said property since cross complainant has been in possession thereof has been, and is, to wit, $250 per month; that cross complainant is entitled to be paid by cross respondent the sum of, to wit, $250 per month for the use and rental of said property to the date on which cross respondent surrenders to cross complainant the possession thereof, less a credit to cross respondent of all sums paid cross complain-

ant by her under aforesaid agreement. That cross complainant is entitled to a lien on all property owned by cross respondent which has been, or is, on said real estate for the reasonable use and rental thereof; and that the following property is owned by cross respondent and has been, or is, on said real estate and subject to said lien: 'Electric washing machine; electric stove; electric refrigerator deep freeze combined; three piece bedroom suite; ten beds, three-quarter and one-half size, springs and mattresses, seven small oil circulating heaters; three porch chairs.'

"The premises considered, cross complainant makes the said Mrs. W. J. Wilson cross respondent to this cross bill and prays that proper process issue out of this court directed to the said Mrs. W. J. Wilson commending her to plead, answer or demur to this cross bill within the time and under the penalties prescribed by law; that on a final hearing of this cross bill, your honor will make and enter a decree granting cross complainant relief, adjudging and decreeing aforesaid verbal bond for title between cross complainant and cross respondent null and void because of cross respondent's failure to comply therewith, and ordering that a reference be held by the register to determine the fair and reasonable rental of aforesaid property to be paid cross complainant by cross respondent during the entire time cross respondent has been in possession of said property since, to wit, June 2, 1949, after crediting cross respondent with all payments made by her to cross complainant under aforesaid verbal bond for title agreement; that upon a coming in of the report of said reference, your honor will render a judgment in favor of cross complainant against cross respondent for the difference between the fair and reasonable rental value of said property and the amount paid cross complainant by cross respondent under said verbal bond for title agreement and will order and decree said judgment to be a lien on said property, to wit: 'Electric washing machine; electric stove; electric refrigerator deep freeze combined; three piece bedroom suite; ten beds, three-quarter and one-half size, springs and mattress-

es; seven small oil circulating heaters; three porch chairs,' and order said property sold for the satisfaction of said judgment, or so much of said judgment as said property will satisfy; and make and enter a deficiency judgment if necessary; and if cross complainant has in anywise mistaken the relief to which she is entitled, she prays for such other, further and different relief as to the court may seem meet and proper, and she will ever pray."

Demurrers were interposed to the cross-bill as a whole, and separately, to that aspect of the cross-bill which seeks to charge Mrs. Wilson with rent of the house and lot from the time she took possession under the agreement of June 2, 1949, and to that aspect which seeks to establish and enforce a lien on the property of Mrs. Wilson which has enjoyed the protection of the premises.

The demurrer to the cross-bill as a whole was properly overruled, but it should have been sustained to that aspect of the cross-bill which seeks to hold Mrs. Wilson responsible for rent of the premises during her occupancy under the contract, whatever may be proven to be its true terms and conditions, and to that aspect of the cross-bill claiming a lien on the property of Mrs. Wilson which had enjoyed the protection of the premises and seeking its enforcement.

The cross-bill alleges that Mrs. Wilson went into possession of the property involved on June 2, 1949. And from aught appearing that possession is referable to the contract of that date. We take it then, that Mrs. Wilson went into possession of the premises with the consent of Mrs. Thompson. But we are not to be understood as saying that possession by the vendee with the consent of the vendor is essential to relieve the vendee from rent obligations.

Although the rule may be otherwise in other jurisdictions, our cases are clear to the effect that under an executory contract for the sale of lands, with no stipulation to the contrary, the contract of itself operates as a transmutation to the vendee of the possession, entitling him to the right of entry and enjoyment. In such case the vendee is entitled to the rents and profits, as a mortgagee in possession is accountable therefor. The execution by the vendor of an executory contract to sell lands, without provision therein excluding the vendee's right thereunder to the possession, or the rents and profits, operates to divest the vendor of any right to the rents and profits pending the executory contract to convey. Ashurst v. Peck, 101 Ala. 499, 14 So. 541; Able v. Gunter, 174 Ala. 389, 57 So. 464; Forrester v. Granberry, 211 Ala. 402, 100 So. 551, and cases therein cited; Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302.

But Mrs. Thompson, the appellee, argues that the cross-bill alleges a termination of all of Mrs. Wilson's rights under the sale contract on March 17, 1950. The allegations in that regard are set out above.

The general rule is that in equity time is not regarded as of the essence of the contract. Isom v. Johnson, 205 Ala. 157, 87 So. 543; Forrester v. Granberry, supra; Sims v. City of Birmingham, supra. Clearly there is nothing alleged in the instant bill which manifests an intent of the parties to the contract that time should be of its essence. It is well settled that to rescind a land sale contract for the failure of the other party, the party complaining of such failure must call upon the other to perform and give him a reasonable time after notice in which to comply or be foreclosed. Bay Minette Land Co. v. Stapleton, 224 Ala. 175, 139 So. 342; Elliott v. Howison, 146 Ala. 568, 40 So. 1018; J. M. Ackley & Co. v. Hunter-Benn & Co.'s Co., 166 Ala. 295, 51 So. 964; Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383; Sims v. City of Birmingham, supra.

The cross-bill admits the making of a valid executory contract of sale. For aught appearing from the cross-bill, that contract is still in full force and effect and, as a consequence, Mrs. Thompson was not entitled to possession of the premises nor to any rents or profits therefrom.

It will be observed that the cross-bill does not seek a cancellation, rescission or forfeiture of the land sale contract, but instead a decree adjudging that the contract

between the parties was null and void because of the cross-respondent's failure to comply therewith.

The contract between the parties being still in full force and effect, in so far as the cross-bill is concerned, it is apparent that section 46, Title 31, Code of 1940, is in no way applicable or operative here.

For the errors pointed out the cause must be reversed and remanded. The appellee is given thirty days in which to amend the cross bill if she be so advised.

Reversed and remanded.

FOSTER, LAWSON and STAKELY, JJ., concur.