Plaintiff, Arnold R. Moore, appeals from an adverse judgment rendered against him in this action seeking specific performance of a contract in which defendants, Dorothy and Larry Lovelace, agreed to sell and convey certain tracts of real property in Jefferson County. We affirm.
Defendants, Dorothy and Larry Lovelace, entered into a real estate sales contract with plaintiff, who is a licensed real estate broker, on April 10, 1979. The contract, which was drafted by plaintiff, concerned two parcels of land on Old Rocky Ridge Road in Birmingham, Alabama, which defendants agreed to sell to plaintiff. One parcel contained approximately .46 acres and the other parcel contained approximately 3 acres. The contract provided for the sale to be closed on or before October 10, 1979, but plaintiff had the option to extend the contract an additional six months if needed in order to get certain permits. The option was exercised, thus extending the closing date until April 10, 1980. The parties executed an addendum to the contract on September 17, 1979, which extended the closing date an additional six months until October 10, 1980.
By addendum dated June 15, 1979, the parties agreed that the two parcels could be purchased at different times with a deed and mortgage being given on each parcel independent of the other. The .46-acre parcel was sold pursuant to the terms of the contract in June 1980.
On June 23, 1980, plaintiff attempted to obtain an additional six-month extension of the closing date for the parcel of 3 acres, from October 10, 1980, to April 10, 1981. Defendants rejected the proposal. Thereafter, plaintiff sought another modification of the contract by seeking an increase in his real estate commission on the sale from 10% to 15%. Defendants refused to increase plaintiff's commission. On September 22, 1980, plaintiff attempted to get the defendants to agree to increase his commission on the sale from 10% to 12% and to release the land from the contemplated mortgage in a piecemeal fashion. Defendants refused to accept either of these propositions.
On October 7, 1980, three days before the closing date, plaintiff's attorney delivered him the closing documents accompanied by a cover letter which plaintiff mailed to defendants on October 8 and which defendants received October 11, 1980. In addition to being received by defendants one day after the contract expired, the closing documents were not in compliance with other particular terms of the contract, e.g., mathematical inaccuracies in purchase price and mortgage amount. Defendants notified plaintiff that they would not execute the closing documents because they were received a day late. *Page 1102 
Plaintiff filed an action for specific performance, and the trial court, after hearing testimony ore tenus, made findings of fact and conclusions of law, and entered a decree which reads, in part, as follows:
 "There are several problems concerning the Plaintiff's attempt to close the transaction. First, as mentioned above, the documents were not received by the Defendants until the day after the term of the Contract expired. Second, there had been no discussion as to the method of closing the transaction and the letter from Plaintiff's attorney dated October 7, 1980 (Defendants' Exhibit 9) was, at best, an attempt to set-up a closing through escrow in his office. Thus, even if the closing documents had been received during the term of the Contract, the closing itself would have occurred on some later date. Third, there was never a tender of the purchase price to the Defendants. This would have been made through an escrow closing, however, there was never an agreement to close the transaction through escrow, and no actual offer of the purchase price has been made by the Plaintiff. Fourth, the closing documents did not accurately reflect the terms of the Contract. . . .
". . .
 "The Court, therefore, finds that, considering the fact that the property had already been tied up for 18 months, the actions of the Defendants in refusing to further alter the provisions of the Contract or to extend its terms, made time of the essence of the Contract and that upon the failure of the Plaintiff to at least tender closing documents to the Defendants prior to the expiration of the term of the Contract on October 10, 1980, the Contract terminated by its own provisions. The Court further finds, as a separate and independent ground for its decision, that the purported closing documents contained enough material errors so that they were not in substantial compliance with the terms of the Contract and that therefore no effective offer to close was made on behalf of the Plaintiff.
 "It is, therefore, CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:
 "ONE: The Real Estate Sales Contract, dated April 10, 1979, as amended, between Arnold R. Moore as Purchaser and Dorothy Howard Lovelace and Larry Clark Lovelace as Sellers, is of no force and effect, the same having terminated in accordance with the provisions contained therein.
 "TWO: In accordance with a previous order of this Court, the expenses, in the amount of $386.30 incurred by the Defendants in traveling to Birmingham from Florida in order to have their depositions taken by Plaintiff's attorney, are to be paid as part of the costs of this case.
 "THREE: Costs are taxed one-half (1/2) to Plaintiff and one-half (1/2) to the Defendants."
The court denied plaintiff's motion for a new trial, and this appeal followed.
Plaintiff claims that the trial court erred to reversal by its finding that time was of the essence in the contract and that plaintiff's failure to tender payment caused the contract to expire by its terms and precluded an action for specific performance.
It is an axiom of equity that as a general rule time is not of the essence of a contract. Gay v. Tompkins, Ala.,385 So.2d 973 (1980). However, the parties might make time essential by "clear manifestation of the intent of the parties in the contract itself, by subsequent notice from one party to the other, by laches in the party seeking to enforce it, or by change in the value of the land or other circumstances which would make a decree for the specific performance inequitable."Isom v. Johnson, 205 Ala. 157, 158, 87 So. 543, 544 (1921) (quoting Barnard v. Lee, 97 Mass. 92 (1867).
In Isom the real estate sales contract provided for payment of the purchase price on or before December 1, 1919, with possession to be given by January 1, 1920, after payment. The parties later agreed that payment "any time during December would do for the payment of the purchase *Page 1103 
money." 205 Ala. at 159, 87 So. at 544. The purchaser did not make a tender in December and later filed suit for specific performance. We held that the new agreement extending the time for payment made time of the essence. In the case at bar, the parties extended the time for payment from April 10, 1980, to October 10, 1980. Thereafter, plaintiff sought at least three modifications of the contract, all of which were rejected. We agree with the trial court's finding that "it is clear that the Plaintiff knew, or should have known, by Defendants' actions, that the Defendants were demanding strict adherence or compliance with the terms of the contract." The granting of the six-month extension made time of the essence. And, under the terms of the contract, the sellers had the right to cancel, at their election, upon the failure of the purchaser to carry out the terms of the agreement.
Plaintiff has never, either before or after the expiration of the contract on October 10, 1980, tendered payment to defendants. Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party. Durden v. Furniture Fair of Dothan, Ala., 348 So.2d 1375
(1977). In the present case, plaintiff claims that defendants would not have accepted payment and that an act of tender would have been a futile gesture. That contention is not supported by the evidence. Furthermore, without a waiver of the strict time requirement, plaintiff would be unsuccessful in this specific performance action even if he had tendered payment prior to the suit.
A strong presumption as to the correctness of the trial court's findings of fact exists, and those findings are not to be disturbed unless they are found to be clearly erroneous and against the great weight of the evidence. Ragland v. Walker, Ala., 411 So.2d 106 (1982). Our review of the record convinces us that the trial court had sufficient evidence before it to justify its finding that time was of the essence of the contract.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.