Earl Ray Bell and Linda Fay Bell appeal from the judgment of the Circuit Court of Baldwin County that Lavada B. Coots, plaintiff below, both recover immediate possession of the property described in a contract to buy and sell which she had entered into with the Bells, and treat as rent all monthly payments made to her by them pursuant to the contract of sale. The Bells contend that time was not of the essence of their contract with Coots, at least with regard to their monthly payment of installments on the purchase price, and, therefore, that Coots was required to notify them of her intention to rescind the contract absent performance within a reasonable time after notice. We disagree, and affirm the judgment of the trial court.
The pertinent facts of this case are as follows:
On February 11, 1980, Coots and her husband, now deceased, entered into a written contract to sell certain real property to the Bells. Among other things, the sale contract required the Bells to pay the total purchase price in monthly installments beginning on February 5, 1980, with a thirty-day *Page 269 
grace period for payments. It also contained provisions for Coots's immediate recovery of possession in the event of the Bells' default in making the monthly payments, even if she had not strictly enforced payment within the grace period.
From February 1980, until July 1982, the Bells made the monthly installments required under the contract of sale in a timely fashion. However, they failed to remit the installment due in August 1982 within thirty days of the 5th of that month. Coots immediately filed a lawsuit to recover possession of the property. The Bells then paid their August installment, and Coots dismissed the suit. Then, the Bells did not send Coots the installment due on October 5, 1982, until sometime in December 1982.
Continuing in this pattern, the Bells failed to make their installments for November and December of 1982 within the respective grace periods. Coots did not receive the payments for those months until January 11, 1983. Hence, this action to recover possession was filed.
It is a general rule in equity that time is not of the essence of a contract. Moore v. Lovelace, 413 So.2d 1100, 1102
(Ala. 1982); Isom v. Johnson, 205 Ala. 157, 158, 87 So. 543,544 (1921). However, the parties to a contract may make time of its essence by a clear manifestation of their intent to do so in the terms of their agreement. Moore v. Lovelace, 413 So.2d at 1102; Isom v. Johnson, 205 Ala. at 158, 87 So. at 544.
We think the terms of the contract at issue in this case clearly manifest an intention of the parties that time be of its essence. In addition to including a provision for the seller's declaration of a forfeiture upon the purchasers' default in paying the monthly installments on the purchase price, which generally has been held to make time essential, 77 Am.Jur.2d Vendor and Purchaser § 76 (1975), the parties specifically agreed to an acceptable leeway in the Bells's remittance of payments, namely, a thirty-day grace period.
Our conclusion that time is of the essence of the contract is reinforced by the parties' testimony concerning their conduct under the agreement. The Bells compliantly made all payments prior to the dates when due or within the thirty-day grace period until August 1982. Moreover, Coots unequivocally indicated her intention to strictly enforce the terms of the contract by filing suit for recovery of possession on the two occasions that the Bells failed to make their payments by the end of the grace period. There should be no serious doubt that the words and actions of the parties indicate that time is of the essence of this contract.
Next, we consider the Bells's assertion that they were entitled to be called upon to perform and given a reasonable time in which to do so. For this proposition, they rely upon the case of Wilson v. Thompson, 255 Ala. 165, 51 So.2d 20
(1951), in which this court stated:
 It is well settled that to rescind a land sale contract for the failure of the other party, the party complaining of such failure must call upon the other to perform and give him a reasonable time after notice in which to comply or be foreclosed. [Citations omitted.]
255 Ala. at 169, 51 So.2d at 24. We think their reliance is misplaced. The above-quoted rule is applicable to contracts requiring performance within a reasonable time. Johnston v.Rothenberg, 270 Ala. 304, 308, 118 So.2d 744, 747 (1960); it does not pertain to contracts when time is of the essence. SeeSims v. City of Birmingham, 254 Ala. 598, 608, 49 So.2d 302,311 (1950). Consequently, absent Coots's waiver of the time requirement in the contract,[1] *Page 270 
she was entitled to the strict enforcement of the terms of the agreement, including the forfeiture provision, without giving prior notice to the Bells. 77 Am.Jur.2d Vendor and Purchaser § 81 (1975). See Sims v. City of Birmingham, 254 Ala. at 609,49 So.2d at 313.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] We think the trial court's tacit conclusion that Coots was not estopped to recover possession by her conduct was not plainly or palpably erroneous. Satterfield v. Decker,437 So.2d 506 (Ala. 1983). The record contains evidence sufficient to sustain such a finding. Moreover, that finding comports with the general rule that
 . . . the vendor's acceptance of one or more payments subsequent to the time specified in the agreement does not necessarily waive his right to object to the vendee's delinquency as to future payments, or preclude him from insisting on strict performance in the future and declaring a forfeiture for the vendee's default as to future payments.
77 Am.Jur.2d Vendor and Purchaser § 81 (1975).