JONES, Justice.
We agreed.to review the Court of Civil Appeals’ grant of a writ of mandamus directing the Montgomery County Circuit Court to exercise jurisdiction over this case, 533 So.2d 613. We disagree with the Court of Civil Appeals’ reasons for issuing the writ (i.e., its approval of the petitioner CSX’s right to amend its complaint by raising the ad damnum clause from $1,000 to $1,005). Nonetheless, we affirm the grant of the writ because we also disagree with the Court of Civil Appeals’ rejection of CSX’s secondary ground for the writ (that the original complaint claiming $1,000 invoked the jurisdiction of the circuit court without the necessity of the amendment).

The Right-To-Amend Issue

Initially, the Court of Civil Appeals observed:
“CSX obviously amended its complaint to increase the amount of damages sought and thereby ensure jurisdiction in the circuit court. Ala. Code (1975), § 12-12-31(a) (1986 Repl.Vol.), provides that ‘[t]he district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed $1,000.’
“CSX’s original complaint, in which the damages it sought did not exceed $1,000, would appear to have been within the exclusive jurisdiction of the district court pursuant to § 12-12-31(a). The amended complaint, however, in which the amount in controversy exceeded $1,000, would appear to fall within the concurrent jurisdiction of both the circuit and district courts. See Ala.Code (1975), §§ 12 — 11— 30(1) and 12-12-30.”
Citing Rule 15(a), A.R.Civ.P. (“[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served” (emphasis supplied)), the Court of Civil Appeals thus concluded that “the circuit court erred in transferring a case which was clearly within its concurrent jurisdiction to the district court.”
Respectfully, we disagree. We hold that Rule 15, A.R.Civ.P., would never have come into play if the amount in controversy, as shown in the original statement of the claim, was not within the circuit court’s concurrent jurisdiction with that of the district court. Assuming, as did the Court of Civil Appeals, that CSX’s $1,000.00 claim was less than the amount necessary to invoke the circuit court’s jurisdiction, Ala. Code 1975, § 12-11-9, would operate automatically and mandatorily to effect a transfer of the cause to the district court. In *619 deed, this is the nature of subject matter jurisdiction: A filing in circuit court for an amount insufficient to invoke that court’s jurisdiction will not support an amendment so as to create jurisdiction in face of the statutorily mandated transfer of the action to the district court.[1] See Ex parte Smith, 438 So.2d 766 (Ala.1983). See, also, Harper v. Regency Development Co. 399 So.2d 248 (Ala.1981), holding that the plaintiffs could not amend their complaint, after appealing from the district court to the circuit court, to claim more than the jurisdictional limits of the district court.

The Concurrent-Jurisdiction Issue

The circuit court’s civil jurisdiction is defined in Ala. Code 1975, § 12-11-30(1):
“The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds $5,000.00 and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds $500.00, exclusive of interest and costs.”
The civil jurisdiction of the district court is set out in Ala. Code 1975, § 12-12-30:
“The original civil jurisdiction of the district court of Alabama shall be uniform throughout the state, concurrent with the circuit court, except as otherwise herein provided, and shall include all civil actions in which the matter in controversy does not exceed $5,000.00 and civil actions based on unlawful de-tainer. ...”
As originally adopted, § 12-12-31(a) (Ala. Acts 1975, No. 1205, § 4-103) provided:
“Small claims cases. — The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed five hundred dollars ($500.00). These actions shall be placed on a small claims docket by each district court and shall be processed according to uniform rules of simplified civil procedure as may be promulgated by the supreme court.”
In transferring the instant case to the district court, the circuit court relied upon an amendment to § 12-12-31(a) (Ala. Acts 1984, No. 85-52), which substituted “$1,000.00” for “$500.00.”
We agree that if § 12-12-31(a), as amended, is construed literally, the circuit and district courts have concurrent jurisdiction of cases in which the matter in controversy exceeds $1,000.00, but do not have concurrent jurisdiction of cases between $500.00 and $1,000.00. It is this literal construction that was relied upon by the Court of Civil Appeals in rejecting the petitioner CSX’s alternative ground for the writ.
Again, we respectfully disagree. Two considerations are central to our holding: 1) The legislative history of § 12-12-31(a) (Ala. Acts 1975, No. 1205, § 4-103, entitled “Small claims cases”); and the 1984 amendment (Ala. Acts 1984, No. 85-52), substituting “$1,000.00” for “$500.00,” entitled “An Act to amend Section 12-12-31, Code of Alabama 1975, which provides for the jurisdiction of small claims court, so as to provide further for said jurisdiction”); and 2) the failure of the legislature to amend § 12-11-30(1), which provides that the two courts shall exercise concurrent jurisdiction of all civil actions in which the matter in controversy exceeds $500.00 but does not exceed $5,000.00.
The origin of the incongruity between § 12-11-30(1) (circuit court’s jurisdiction of matters exceeding $500.00) and § 12-12-31(a) (district court’s exclusive jurisdiction of matters not exceeding $1,000.00) is traceable to the drafting of Ala. Acts 1975, No. 1205, § 4-103 (codified as § 12-12-31(a)), in which the district court’s jurisdiction was set out in the section relating to small claims cases rather *620 than in the preceding section relating to the district court’s general jurisdiction. Although the jurisdictional provisions were inappropriately arranged, so long as the jurisdictional amount of $500.00, as shown in the original act, was compatible with the $500.00 jurisdictional amount for the circuit court, as shown in § 12-11-30, no harm resulted. But when the legislature sought to raise the small claims jurisdiction of the district court from $500.00 to $1,000.00, the mere substitution of “$1,000.00” for “$500.00” effected the incongruity between the circuit court’s and the district court’s respective jurisdictions. That the legislature intended merely to raise the small claims jurisdiction of the district court from $500.00 to $1,000.00 is clearly expressed in the title to the 1984 amendment: “To amend Section 12-12-31, ..., which provides for the jurisdiction of small claims court, so as to provide further for said jurisdiction.”
Even more compelling, however, is the fact that the legislature left unamended § 12-11-30(1), which establishes the circuit court’s original civil jurisdiction of matters in controversy in excess of $500.00. We are guided by the prevailing principle that repeal by implication of legislation establishing courts of general jurisdiction is not favored. Thomas v. Liberty National Life Insurance Co., 368 So.2d 254, 257 (Ala. 1979).
Therefore, because the petitioner CSX’s alternative ground for the issuance of the writ of mandamus is valid and establishes a clear right to relief, we affirm the Court of Civil Appeals’ issuance of the writ directing the circuit court to exercise jurisdiction of the case.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX and ADAMS, JJ., concur in the result.

. Ala. Code 1975, § 12-11-9: “If a case filed in the circuit court is within the exclusive jurisdiction of a district court or a case filed in the district court is within the exclusive jurisdiction of the circuit court, the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court, and the clerk shall make such cost and docket fee adjustments as may be required and transfer all case records. This section does not apply to cases filed in the circuit court prior to January 16, 1977."