David and Dorothy Law filed an action to reform the description of land contained in an instrument in which the Laws agreed to lease from James H. and Kathleen West certain land with an option to purchase.
The land was described as "[t]hree acres evenly off of the East side of the following described tract of land: . . ." The Wests contend that the parties intended that the parcel was to run the entire length of the east boundary of the 10-acre tract owned by the Wests and to be of whatever width necessary to form a 3-acre tract. Conversely, the Laws contend that this description was intended to refer to a parcel of land "one acre wide" and "three acres deep." It is apparent that they mean by those phrases that the width was to be equal to a side of a square acre and the length was to be three times that distance, i.e., approximately 208.71 feet by 626.13 feet.
Section 35-4-153, Ala. Code 1975, provides:
 "When, through fraud or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value."
Conceding that the description unambiguously described the parcel as contended by the Wests, we conclude that there is nevertheless an abundance of evidence in the record to support the trial court's conclusion that there had been a mutual mistake. Mullinax v. Mullinax, 495 So.2d 646 (Ala. 1986). The proof in the record of mutual mistake was properly admitted, and the parol evidence rule is no impediment when one seeks to reform a conveyance because of mutual mistake. Whitehead v.Johnston, 467 So.2d 240 (Ala. 1985); Collier v. Brown, 285 Ala. 40, 228 So.2d 800 (1969); and Chastain Blass Real Estate Ins., Inc. v. Davis, 280 Ala. 489, 195 So.2d 782 (1967).
Dorothy Law testified that she and James West were the parties who actually negotiated the agreement and that they both discussed and agreed on a parcel of land "one acre wide" and "three acres deep" so that the Laws could construct a house and place a house trailer on the property. Mrs. Law's testimony is corroborated by the testimony of her former daughter-in-law, who, while not being a party to the agreement, was present during the negotiations. The Laws' contention that the agreed-upon land was "one acre wide" and "three acres deep" is further corroborated by the evidence that James West, himself, measured and marked the width and length of the parcel as being roughly "one acre" by "three acres." Finally, there was testimony that Mr. West had referred to the tract as being "one acre wide" and "three acres deep" and that Mr. West had attempted to sell to a third party *Page 447 
a portion of the 10-acre tract adjoining the Laws' parcel, and that he had described that portion as forming an "L" shape, that is, as bordering the Laws' parcel on the west and south. See "Plaintiff's Exhibit 5," attached.
Thus, the trial judge did not err in reforming the instrument. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[EDITORS' NOTE: The figure IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 448