Patricia L. Jones appeals from the judgment of the trial court reforming a deed and an accompanying promissory note between her and Sadie F. Braggs.
In approximately October 1980, Braggs's father, Frank Fields, mortgaged his home so that he could purchase the property at 907 Fairmont Street in Mobile for Braggs. Fields placed the property in Braggs's name. The mortgage secured a note in the principal amount of $24,000, with an annual interest rate of 12.75% for a term of 15 years. Braggs leased the property to Jones, her niece, who made rental payments to Fields in the amount of the monthly mortgage payment. At Fields's request, however, Braggs later agreed to allow Jones to purchase the house. The parties orally agreed that Jones would purchase the property by assuming the outstanding indebtedness on the mortgage and paying Braggs an additional $2,500 for expenses Braggs had incurred in recarpeting the house and furnishing it with a refrigerator. The agreement was not reduced to writing at that time. Jones remained in possession of the house and continued to send her payments to Fields.
A few months later, Jones requested that Braggs deed her the property so that she could have the house repaired. On June 25, 1981, Jones came to Braggs's residence during *Page 1358 
Jones's lunch hour, and they executed a vendor's lien deed that had been drafted by Jones's attorney. The deed provides, in pertinent part:
 "The unpaid balance of said purchase money, to-wit: the sum of TWENTY SIX THOUSAND, FIVE HUNDRED ($26,500.00) Dollars, and to secure the payment of which a lien upon the property above described is hereby reserved, is evidenced by the one (1) promissory note . . . made by the grantee and payable to said SADIE F. BRAGGS, a married woman, . . . in the City of Mobile, Alabama, viz:
 "Equal monthly installments of THREE HUNDRED DOLLARS AND NO/100 each until the entire sum of $26,500.00 is paid in full. The first installment is due on the 25th day of JUNE, 1981.
 "By accepting this conveyance the grantee does hereby agree and bind herself, her heirs and assigns, so long as any part of said purchase price, or the interest thereon, remains unpaid, as follows:
 "1. To pay said note and the installments of principal and interest thereon when they respectively fall due."
The accompanying promissory note was signed only by Jones. The promissory note provides, in pertinent part:
 "For value received the undersigned jointly and severally promise to pay to SADIE F. BRAGGS, a married woman, or order, the principal sum of TWENTY-SIX THOUSAND, FIVE HUNDRED DOLLARS AND NO/100 ($26,500.00) with interest thereon from date, at the rate of NONE per cent per annum. The said principal and interest shall be payable . . . in monthly installments as follows, namely:
 "Equal monthly installments of THREE HUNDRED DOLLARS AND NO/100 each until the entire sum of $26,500.00 is paid in full. The first installment is due on the 25th day of JUNE, 1981."
Fields died in December 1990. Thereafter, Jones began making payments directly to Braggs. However, in October 1992, Jones stopped making payments, claiming that she was obligated to pay only the principal amount of the mortgage, and not interest. Jones demanded that Braggs reimburse her approximately $14,000, which she claimed she had overpaid pursuant to the terms of the promissory note.
On December 31, 1992, Braggs filed a complaint in the Mobile County Circuit Court, seeking reformation of the vendor's lien deed and the promissory note to specifically include an obligation to pay 12.75% interest on the amount Jones owed to Braggs.
The trial court held an ore tenus proceeding, at which Braggs testified that because she had trusted Jones, she had not read the vendor's lien deed before she signed it, and that she had never seen the promissory note until Jones's attorney informed her about a problem with the interest payments and she began searching through Fields's papers. On June 3, 1993, the trial court entered a judgment reforming the vendor's lien deed and the promissory note as Braggs had requested. Furthermore, the trial court ordered Jones to continue making the $300-per-month payments against the remaining principal plus 12.75% annual interest and to pay an arrearage of $2,100.
Jones appeals, raising three issues: (1) whether the trial court erred in reforming the vendor's lien deed and promissory note; (2) whether Braggs's action was barred by the statute of limitations or by the doctrine of laches; and (3) whether the trial court improperly allowed parol evidence to vary the terms of the vendor's lien deed and promissory note.
A trial court "may exercise its equitable powers to reform a deed to make it conform to the intentions of the parties."Powell v. Evans, 496 So.2d 723, 725 (Ala. 1986). Reformation of a deed is warranted when a party produces clear, convincing, and satisfactory evidence that the deed does not reflect the intentions of the parties. Beasley v. Mellon Fin. Servs. Corp.,569 So.2d 389 (Ala. 1990). Grounds for reformation are "fraud or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected." Ala. Code 1975, § 35-4-153. The determination of whether sufficient evidence exists to warrant reformation of a deed lies within the sound discretion *Page 1359 
of the trial court. Dalrymple v. White, 402 So.2d 968 (Ala. 1981). That determination will not be disturbed on appeal if it was supported by competent evidence and was not plainly and palpably erroneous or manifestly unjust. Powell, supra.
Braggs contends that Jones agreed from the beginning to assume the then-existing mortgage payments, including the interest. The vendor's lien deed refers to Jones's assumption of both principal and interest payments, without specifically defining the nature and amount of the interest payments. It is only the promissory note that provides that Jones would not have to pay interest. In light of Braggs's testimony that she had not seen the promissory note until after Jones's attorney informed her about a problem with the interest payments, it was not unreasonable for the trial court to find that when Braggs deeded the property to Jones, Braggs mistakenly assumed that Jones was to be responsible for the payment of not only the principal, but also the interest, and that the mistake was mutual. At trial, Jones testified that she knew that Fields had purchased the property by taking out a loan secured by a 15-year mortgage on his own home. She acknowledged that her payments corresponded with the payment on Fields's loan. Also, Jones had made payments in excess of the principal amount for over four years before bringing it to Braggs's attention that the promissory note specified that Jones would not have to pay interest.
We now examine whether Braggs's action was barred by the statute of limitations or by the doctrine of laches. In calculating the timeliness of an action to reform a deed, "[t]he statute of limitations . . . does not begin to run until the party's right of possession or title is questioned."Davis v. Thomaston, 420 So.2d 82, 84 (Ala. 1982). Laches cannot be founded simply on a lapse of time; to bar an action, laches requires either delay with notice of the existence of a right that results in a disadvantage to another, or delay which effects a change in circumstances such that the controversy can no longer be determined with reasonable accuracy. Id.
In the present case, Braggs testified that there was never any question regarding Jones's obligation to pay interest until she received a letter from Jones's attorney in August 1992 stating that, after only 7.5 years, the loan had been paid off. Thus, the evidence does not suggest that Jones questioned Braggs's title to the property until August 1992. Moreover, Braggs testified that until she received the letter, she did not know that Jones had executed a promissory note. The evidence does not suggest that Braggs delayed in seeking the reformation after she had notice of a right of action, nor does it suggest that the controversy cannot now be determined with reasonable accuracy. Therefore, neither the statute of limitations nor the equitable doctrine of laches bars this action.
Finally, we must consider whether the trial court erred in allowing Braggs to introduce parol evidence. As Braggs points out, Jones failed to object to the introduction of the parol evidence. A party who fails to object at trial to the introduction of parol evidence may not raise the issue on appeal. Alfa Mutual Ins. Co. v. Northington, 561 So.2d 1041
(Ala. 1990). We note, however, that in an action to reform a deed under Ala. Code 1975, § 35-4-153, parol evidence is admissible when, for one of the reasons cited in the statute, a party questions whether the deed purporting to express the intentions of the parties actually does so. See § 35-4-153. "The parol evidence rule is no impediment when one seeks to reform a conveyance because of mutual mistake." West v. Law,577 So.2d 445, 446 (Ala. 1991).
Based on the foregoing, we conclude that the trial court did not err in reforming the deed; therefore, the judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur. *Page 1360