PER CURIAM.
The State, acting on the relation of certain taxpayers, appeals from the trial court’s denial of the taxpayers’ petition of a writ of mandamus and the court’s dismissal with prejudice of the taxpayers’ information of impeachment action.
On March 10, 1993, five resident/taxpayers of the City of Birmingham filed an information of impeachment against three members of the Birmingham Board of Education. On this same date, the taxpayers paid the requisite filing fees and filed a “security for costs” in the Circuit Court of Jefferson County. On March 11, 1993, Polly Conradi, clerk of the Circuit Court of Jefferson County, telephoned counsel for the taxpayers, telling counsel that the security for costs had been rejected and that the taxpayers must post a $150,000 cash or commercial bond in order to proceed with their action. The amount of the bond was later reduced to $100,000.
On March 12, 1993, the taxpayers filed a “Motion to Approve Security for Costs,” requesting that the trial court approve the security for costs as originally filed. On March 16,1993, the taxpayers amended their March 12, 1993, motion and, in addition, requested that the trial court issue a writ of mandamus compelling the circuit clerk to approve the security for costs. The court held a hearing on the amended motion on March 19, 1993, and it requested briefs from the parties. On March 20,1993, Ms. Conradi was quoted in a Birmingham Neivs article:
“Mrs. Conradi said she ordered the bond to pay defendant’s legal fees, if the Petitioners don’t prevail.
“ ‘If you investigate these people you’ll see they’re all malcontents,’ Ms. Conradi said of the Petitioners. ‘But whoever they are, they must show good faith. I think its a very reasonable bond,’ she said, “why should they get off scot-free?’ ”
On March 23, 1993, the taxpayers filed a motion to “reduce or eliminate bond and request for an evidentiary hearing to determine petitioners’ likelihood of success in proving allegations; or in the alternative motion for the court to enter an order directing the Jefferson County District Attorney to join as a party plaintiff.”
On April 20, 1993, the trial court ordered that the claim against the school board members be dismissed unless the taxpayers filed a bond "with the circuit clerk “with sufficient sureties, payable to the defendants sought to be impeached conditioned to prosecute the impeachment to effect and failing therein to pay all costs that may be incurred.” Additionally, the trial court denied all other motions filed by the taxpayers.
On that same day, the taxpayers filed a commercial surety bond for costs, payable to the school board members if the taxpayers *469 were unsuccessful in their impeachment action. The amount of the bond was $600. On that same day, Ms. Conradi entered an order stating that the bond was in proper form, but that the amount of the bond was incorrect, because, she said, the bond must include an amount to cover attorney fees for the school board members in the event that the taxpayers were unsuccessful. Ms. Conradi determined that attorney fees would be $100 per hour.
On April 30, 1993, the taxpayers filed an amended petition for a writ of mandamus “directing the clerk to approve bond as filed and/or a motion for the court to conduct an evidentiary hearing to set a proper bond amount required of petitioners.” On May 3, 1993, the trial court entered a final order denying the amended petition for a writ of mandamus and dismissing the information of impeachment action with prejudice.
A writ of mandamus is a drastic and extraordinary remedy, to be issued only where the movant has a clear and indisputable right to the order sought. Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991).
Section 36-11-6 provides that “[a]ny five taxpayers of the ... city ... for which [an] officer sought to be impeached was elected ... may institute proceedings of impeachment ... upon giving bond, with sufficient sureties, payable to the officer sought to be impeached, conditioned to prosecute the impeachment to effect and, failing therein, to pay all costs that may be incurred.” Section 36-11-8 provides that when taxpayers institute such proceedings “[t]he costs shall be given against the unsuccessful party, as in other cases, to be collected by execution.”
Attorney fees are recoverable in this State only where authorized by statute, when provided in a contract, or in an equitable proceeding where the efforts of an attorney have created a fund out of which fees may be paid. Hart v. Jackson, 607 So.2d 161 (Ala.1992). Section 36-11-6 provides that in order for any five resident taxpayers to institute impeachment proceedings, they must file a bond payable to the officers sought to be impeached, for “all costs that may be incurred” if the resident taxpayers are unsuccessful in the impeachment.
In upholding the constitutionality of § 36-11-6, allowing five taxpayers to bring an impeachment proceeding, this Court placed “impeachment proceedings in the same class with criminal prosecutions which may be begun by authority of law without an indictment.” State ex rel. Mullis v. Mathews, 259 Ala. 125, 130, 66 So.2d 105 (1953). Because of the penal nature of impeachment proceedings, the Legislature intended for the five taxpayers to post a sufficient bond in order to deter disgruntled taxpayers from filing vexatious impeachment proceedings against public officials. To attempt to remove an official from public office without the scrutiny of a grand jury justifies requiring those five taxpayers to post a bond for all costs to be incurred if the impeachment proceedings fail.
We conclude that the circuit clerk did not abuse her discretion in requiring the taxpayers to post a bond for the payment of attorney fees in ease the impeachment proceeding is unsuccessful.
AFFIRMED.
SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.