MONROE, Judge.
This case is before this court on a petition for a writ of mandamus.
Joe Dennis, Janice Dennis, and Monique Dennis filed an action in the Montgomery Circuit Court against Glenn Allan Jones, claiming they had sustained damage when a motor vehicle driven by Jones collided with their motor vehicle. In their complaint, they requested a jury trial. Upon Jones’s motion to dismiss for lack of subject matter jurisdiction, the circuit court transferred the case to the district court. The Dennises ask this court to issue a writ of mandamus directing the circuit court to vacate its order transferring the case to district court.
The Dennises did not request a specific amount of damages in their complaint; instead, they demanded a judgment against Jones “in an amount found appropriate by a jury, and costs.” They assert that such language in an ad damnum clause is sufficient to invoke the subject matter jurisdiction of the circuit court, especially when combined with a jury demand, and that the trial court erred in transferring the ease to the district court.
The Dennises amended their complaint to add a clause stating that the amount in controversy is more than $5,000. However, as they concede, a party cannot amend a complaint to allege damages to meet the jurisdictional limits of the circuit court if, under the original complaint, jurisdiction would have been proper in the district court, thereby requiring a statutorily mandated transfer of the case to district court. Ex parte Owens, 533 So.2d 617 (Ala.1988). The Dennises, however, contend that their original complaint, asking for an unspecified amount of damages, was sufficient to invoke the circuit court’s jurisdiction. We agree.
Generally, “the amount in controversy for the purposes of determining whether a case can be brought in circuit court is determined by the amount asked for in the complaint.” Karrh v. Crawford-Sturgeon Ins., Inc., 468 So.2d 175, 177 (Ala.Civ.App.1985).
However, in some circumstances, Alabama courts have found that the amount of damages claimed in the complaint is not necessarily the amount in controversy. In Ex parte Smith, 438 So.2d 766 (Ala.1983), the court observed that when testimony in the district court indicated that the amount in controversy exceeded the district court’s jurisdictional limit, the district court should have transferred the case to the circuit court. Smith indicates that factors other than the amount claimed in the complaint can be used to determine the amount in controversy. Additionally, in State ex rel. Munchus v. Conradi, 642 So.2d 467 (Ala.1994), the court indicated that, in response to a motion to transfer a case from the circuit court to the district court because of an allegedly insufficient amount in controversy, a plaintiff can produce evidence of the amount in controversy, outside of the allegations in the complaint.
It is well established that in Alabama, the circuit courts are courts of general jurisdiction. See, e.g., Thomas v. Liberty National Life Ins. Co., 368 So.2d 254 (Ala.1979). Indeed, the Alabama state constitution clearly states, “The circuit court shall exercise general jurisdiction in all eases except as may otherwise be provided by law.” *160 Ala. Const. amend. 328 § 6.04(b). On the other hand, the state constitution provides in amendment 328, § 6.06, that “[t]he district court shall be a court of limited jurisdiction and shall exercise uniform original jurisdiction in such cases, and within such geographical boundaries, as shall be prescribed by law....” Therefore, the circuit court has original jurisdiction in all cases unless the legislature provides otherwise, but the district courts have jurisdiction only in such cases as the legislature provides. Henderson v. State, 616 So.2d 406 (Ala.Crim.App.1993). “The jurisdiction of the circuit court is all inclusive, although the legislature has the authority to create exceptions thereto, while the jurisdiction of the district court is ... non-existent until the legislature specifically grants it jurisdiction.” Id. at 408. See also Thomas v. Liberty National Life Ins. Co., supra.
We note that the legislature has specifically eliminated ad damnum clauses in complaints alleging liability under the Alabama Medical Liability Act; § 6-5-483, Ala.Code 1975. According to that section, such claims, instead of requesting specific monetary damages, shall contain a general claim for relief. Surely, the legislature did not intend for all medical malpractice actions to be filed in the district court. Yet, under Jones’s reasoning, they would have to be.
Additionally, the cover sheet used for circuit court civil cases in Alabama, which is shown in Form 93, Ala.R.Civ.P., Appendix I, provides a box under “Relief Requested” for the plaintiff to indicate “Amount not specified” instead of claiming a specific amount, after first indicating that monetary relief is requested. This indicates that such a claim for monetary relief is acceptable to invoke the jurisdiction of the circuit court.
Also, the Dennises specifically demanded a jury trial in their complaint. In Alabama, jury trials are held only in the circuit court, and not in the district court. See Rule 38, Ala.R.Civ.P.
Jones contends that the writ should not issue, because he asserts that the Dennises do not have a “clear right” to have their case tried in the circuit court. We are aware that “a writ of mandamus is a drastic and extraordinary remedy.” Kendrick v. Crocker, 642 So.2d 466, 467 (Ala.1994). Indeed, “a writ should not issue to a trial court without a clear showing of abuse by that court.” Id.
However, we are also mindful of the established law that “every doubt is resolved in favor of retention rather than divestiture of jurisdiction” in the circuit court. Thomas v. Liberty National Life Ins. Co., supra, at 257. “Furthermore, there is a presumption against divestiture of jurisdiction from a court to a lower court.” Id. Indeed, such a transfer would prevent the plaintiff from proving damages greater than that allowed in the district court and would deprive him of his choice of forum. Therefore, such a transfer should not be made unless the circuit court’s lack of jurisdiction is clear. In this case, there is no such clear lack of jurisdiction in the circuit court.
The Texas Supreme Court, addressing the same issue — whether a plaintiffs failure to claim a specified amount of damages deprived the trial court of jurisdiction — held that even if the jurisdictional amount is never established by the pleading, jurisdiction is still proper, as long as it is proven at trial. Peek v. Equipment Service Co., 779 S.W.2d 802 (Tex.1989).
We hold that a complaint filed in the circuit court asking for an unspecified amount in damages and containing a jury demand is sufficient to invoke the jurisdiction of the circuit court, as long as a claim for damages within the jurisdictional amount is shown at trial.
Jones also argues that the Dennis-es waited too long before filing their petition for the writ of mandamus and, therefore, that it is barred by laches. The circuit court issued the order transferring the case to district court on December 1, 1994. The Dennises filed their petition for the writ of mandamus on May 5, 1995, approximately five months later, after the case had already been set for trial and had been continued several times in the district court. There is no specific time limitation for filing a petition for a writ of mandamus; however, such a petition must be made within a reasonable time. See Wilson v. Wright, 568 So.2d 834 (Ala.Civ.App.1990). However, for an action to be barred by laches, there must be “either *161 delay with notice of the existence of a right that results in a disadvantage to another; or delay which effects a change in circumstances such that the controversy can no longer be determined with reasonable accuracy.” Jones v. Braggs, 637 So.2d 1356,1359 (Ala.Civ.App.1994). We find no such unreasonable delay here. We cannot say, under the facts of this ease, that filing the petition for the writ of mandamus five months after the order caused a serious disadvantage to Jones or caused such a change in circumstances that the issue can no longer be determined with reasonable accuracy. The case has not gone to trial yet in the district court. Indeed, the only change that has been made in the case since the transfer is that one of the plaintiffs was voluntarily dismissed.
Finally, Jones contends that this court cannot issue a writ of mandamus ordering the circuit court to set aside its order, because, he says, the circuit court no longer has jurisdiction, since the ease has already been transferred to district court. We disagree. If the circuit court improperly transferred the case, the writ is properly issued to that court. See Ex parte Till, 595 So.2d 871 (Ala.1992).
WRIT GRANTED.
ROBERTSON, P. J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.