PER CURIAM.
On May 3, 2002, Robert C. Gill filed a complaint in the Morgan County Circuit Court against District Attorney Bob Bur-rell, Police Officer Keith Brown, and Police Officer Steven Campbell, seeking the return of $2,700, plus interest, which he alleged had been taken from him during his arrests on August 1, 1990, and February 4, 1991. The defendants moved to dismiss the complaint. On July 2, 2002, the circuit court entered an order dismissing the complaint on the ground that the action was barred by the statute of limitations.
Gill appealed to this court, which transferred the appeal to the Court of Criminal Appeals. The Court of Criminal Appeals determined that it lacked jurisdiction over the case and purported to transfer the case to the Supreme Court for a determination of which appellate court has jurisdiction. On August 29, 2003, our Supreme Court held that the Court of Civil Appeals has appellate jurisdiction over Gill’s appeal, because, it determined, Gill’s action is a civil action to recover moneys, or compensation for moneys, that allegedly were taken during two arrests and that were never entered into evidence in any criminal *488 proceeding because Gill had pleaded guilty to the charges. Gill v. Burrell, 874 So.2d 1072 (Ala.2003). The Supreme Court further held that the Court of Criminal Appeals did not have the authority to transfer the appeal to it; therefore, the Supreme Court returned the briefs and the record on appeal to the Court of Criminal Appeals. The Supreme Court also indicated that this court, after the appeal was transferred back from the Court of Criminal Appeals, “may want first to determine whether the amount in controversy met the minimum threshold for the subject matter jurisdiction of the circuit court.” 874 So.2d at 1075. On September 16, 2003, the Court of Criminal Appeals transferred the appeal back to this court.
Section 12-11-30, Ala.Code 1975, provides that the circuit court shall have jurisdiction in civil matters where the amount in controversy exceeds $10,000, exclusive of interests and costs, and that the circuit court has concurrent jurisdiction with the district court where the amount in controversy is between $3,000 and $10,000, exclusive of interests and costs. The amount in controversy in the present case is $2,700, exclusive of interests and costs; therefore, it is within the exclusive original jurisdiction of the district court. Section 12-11-9 provides: “If a case filed in the circuit court is within the exclusive jurisdiction of a district court ..., the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court....” Therefore, the circuit court was limited to transferring the case to the district court, and it lacked the authority to dismiss the complaint. “Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983). Accordingly, we reverse the judgment of the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.