PER CURIAM.
James A. Culbreth, an inmate at the Bibb County Correctional Facility in Brent, Alabama, filed this action against another inmate at the same prison, Terry D. Watson, alleging breach of contract. Culbreth alleged that Watson had orally promised to provide legal assistance to Culbreth in preparing a Rule 32, Ala. *128 R.Crim. P., petition, that Culbreth’s sister had sent Watson $200 pursuant to the oral agreement, and that Watson had not provided the promised assistance. Culbreth sought, “a Judgment Order for $200.00, plus punitive damages of $400.00, for a total Judgment Order of $600.00, plus any court cost.” Thereafter, on September 25, 2003, the circuit court entered a judgment on the case action summary sheet that stated: “Based on the evidence, this case is dismissed.”
Culbreth appeals, arguing that the circuit court abused its discretion by dismissing the case.
Although neither party has raised the question of the circuit court’s jurisdiction over this case, “[l]ack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
Section 12 — 12—31 (a), Ala.Code 1975, provides, in part:
“The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed three thousand dollars ($3,000).”
(Emphasis added.) The amount in controversy in the present case is $600, exclusive of interests and costs; therefore, it is within the exclusive original jurisdiction of the district court. Section 12-11-9, Ala.Code 1975, provides, in part:
“If a case filed in the circuit court is within the exclusive jurisdiction of a district court ...[,] a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court.”
(Emphasis added.) The circuit court’s jurisdiction in this case was limited to transferring the case to the district court; the circuit court lacked authority to dismiss the case. See Gill v. Burrell, 876 So.2d 487, 488 (Ala.Civ.App.2003).
Accordingly, the circuit court’s judgment dismissing this case is hereby reversed, and the cause is remanded for the circuit court to transfer the case to the appropriate district court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.