THOMAS, Judge.
Michael T. Chappell appeals from a judgment of the Montgomery Circuit Court (“the circuit court”) in favor of JP Morgan Chase Bank, NA (“Chase”). We dismiss the appeal.
On June 1, 2010, Chappell filed a complaint in the Montgomery District Court (“the district court”), alleging that Chase owed him $1,490 because, he said, Chase “stole this amount of money from [him].” Chappell filed an application for a default judgment in the district court on September 2, 2010. The district court entered an order setting the case for “Writ of Inquiry” and requiring all parties to the action to appear before the district court on October 4, 2010. Before October 4, 2010, Chappell filed a motion styled as a “Motion *905 to Stop Foreclosure Sale” in the district court, requesting the district court to stop Chase from proceeding with its foreclosure of Chappell’s residence. That motion effectively amended Chappell’s complaint.
On October 4, 2010, the parties appeared before the district court. That same day the district court entered an order denying Chappell’s “Motion to Stop Foreclosure Sale,” stating that the district court “lacks jurisdiction over matters of equitable relief.” On October 20, 2010, Chappell filed an appeal from the district court to the circuit court.
After Chappell’s case had been appealed to the circuit court, on November 80, 2010, Chappell filed a motion styled as a “Motion to Stop Foreclosure” in the circuit court, requesting that the circuit court stop Chase from proceeding with its foreclosure of Chappell’s residence. Chase filed an answer to Chappell’s “Motion to Stop Foreclosure,” denying the material allegations and asserting affirmative defenses. On September 14, 2011, Chase filed a motion for a summary judgment on Chap-pell’s claims. Chappell filed a motion in opposition to Chase’s motion for a summary judgment on October 13, 2011.
On January 18, 2012, the circuit court entered a summary judgment in favor of Chase on Chappell’s claims.[1] Chappell timely appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Chase raises potential issues regarding the circuit court’s jurisdiction over the action. It is well settled that
“ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). ‘Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.’ Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).”
MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 393 (Ala.2011).
Section 12-11-9, Ala.Code 1975, states, in pertinent part:
“If a case filed in the circuit court is within the exclusive jurisdiction of a district court or a case filed in the district court is within the exclusive jurisdiction of the circuit court, the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court, and the clerk shall make such cost and docket fee adjustments as may be required and transfer all case records.”
Therefore, Chappell’s case was not properly before the circuit court because the district court was required to transfer the action to the circuit court in order for it to attain jurisdiction over the action pursuant to mandatory procedures provided in § 12-11-9. See Ex parte Smith, 438 So.2d 766, 768-69 (Ala.1983) (discussing the mandatory nature of transferring a case from the district court to the circuit court pursuant to § 12-11-9 in order to confer the circuit court with subject-matter jurisdiction over the case).[2] Accordingly, because *906 the circuit court lacked subject-matter jurisdiction to enter a judgment in Chap-pell’s case, the January 18, 2012, judgment is void, and, because a void judgment will not support an appeal, we must dismiss Chappell’s appeal. See Greene v. Town of Cedar Bluff, 965 So.2d 773, 779 (Ala.2007) (quoting Underwood v. State, 439 So.2d 125, 128 (Ala.1983)) (“ ‘[Sjince a void judgment will not support an appeal, it follows that the appeal is due to be dismissed.’ ”).
Moreover, even if an appeal, as opposed to a transfer, was the proper method for moving the action to the circuit court, the district court’s judgment is a nonfinal judgment that cannot support an appeal because the district court’s order did not dispose of Chappell’s claim for monetary damages in the amount of $1,490. See § 12-12-70(a), Ala.Code 1975 (“Any party may appeal from a final judgment of the district court in a civil case by filing a notice of appeal.... ”); § 12-12-71, Ala.Code 1975 (noting that appeals are taken from final judgments). A judgment is nonfinal if it fails to adjudicate all the claims between the parties, see Wright v. Wright, 882 So.2d 361, 363 (Ala.Civ.App.2003), and “[a] nonfinal judgment will not support an appeal.” Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004). Therefore, we must dismiss Chappell’s appeal.
Accordingly, because the district court failed to properly transfer the action to the circuit court in accordance with § 12-11-9 and because the district court’s judgment was a nonfinal judgment, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
PITTMAN, J., recuses himself.

. Chase filed a "Motion to Confirm Jurisdiction and Suspend Briefing" with this court, addressing the potential jurisdictional issues in this action. In its motion, Chase suggests that this court "treat Chappell’s appeal to the circuit court as a § 12-11-9 transfer that fixed jurisdiction in the circuit court.” It attempts to distinguish Ex parte Smith, 438 So.2d 766, to bolster this argument. However, the record clearly indicates that the man *906 datory procedures for transferring this case from the district court to the circuit court were not followed and that the holding in Ex parte Smith is clearly applicable to the case at hand.