MOORE, Judge.
In case no. 2120980, Safety-Kleen Systems, Inc., and Safety-Kleen, Inc. (hereinafter referred to collectively as “Safety-Kleen”), seek a writ of mandamus directed to the Barbour Circuit Court (“the circuit court”) ordering it, among other things, to vacate its denial of Safety-Kleen’s motion to transfer an action — Eufaula Marine Power & Equipment, LLC v. Safety-Kleen Systems, Inc., and Safety-Kleen, Inc. (Barbour Circuit Court, CV-13-900030) (“the Eufaula Marine action”) — from the circuit court to the Barbour District Court (“the district court”). In case no. 2120981, Safety-Kleen seeks a writ of mandamus directing the circuit court to, among other things, vacate its denial of Safety-Kleen’s motion to transfer another action — Roger Miller d/b/a Roger’s Auto Service v. Safety-Kleen Systems, Inc., and Safety-Kleen, Inc. (Barbour Circuit Court, CV-13-900031) (“the Miller action”) — to the district court. We grant the requested petitions and issue the writs.
The Eufaula Marine Action
The documents filed with this court pertinent to the disposition of the petitions establish the following. On April 3, 2013, Eufaula Marine Power & Equipment, LLC (“EMP”), filed in the circuit court a complaint against Safety-Kleen alleging misrepresentation, suppression, and unjust enrichment. EMP asserted that it had entered into a contract with Safety-Kleen, a company engaged in the business of leasing cleaning equipment, selling industrial cleaning supplies, and purchasing and reprocessing used oil. EMP further asserted that Safety-Kleen had added a “fuel surcharge” to some of EMP’s statements; that those charges were nothing more than profit; that the cost of fuel was already built into Safety-Kleen’s monthly charges; and that the “fuel surcharge” was unrelated to any fuel expense actually incurred by Safety-Kleen. EMP asserted that it had paid the allegedly fraudulent charge on multiple occasions, including four times in 2012.
As damages, EMP requested “all damages stemming from Safety-Kleen’s wrongful act, including all applicable compensatory and punitive damages,” and “recovery of all monies improperly procured, plus interest.” Other than limiting its recovery to less than $74,500, EMP did not specify the amount of damages that it was seeking, and EMP did not request a jury trial in its complaint. EMP also filed discovery requests, including a request for video depositions of representatives of Safety-Kleen and a request for the production of documents.
On May 6, 2013, Safety-Kleen filed a motion, pursuant to Ala.Code 1975, § 12- *1185 11-9, seeking to transfer the Eufaula Marine action from the circuit court to the district court on the basis of lack of subject-matter jurisdiction. Specifically, Safety-Kleen argued that the amount in controversy was within the exclusive jurisdiction of the district court. On June 20, 2013, EMP responded to Safety-Kleen’s motion to transfer by asserting that its claims sought damages in excess of the circuit court’s jurisdictional base and arguing, in the alternative, that it needed to complete discovery in order to calculate its damages. On July 10, 2013, the circuit court denied Safety-Kleen’s motion to transfer the action to the district court but indicated that it would reconsider Safety-Kleen’s motion to transfer after discovery had been completed. Safety-Kleen timely filed its petition for a writ of mandamus relating to the Eufaula Marine action on August 20, 2013.
The Miller Action
On April 3, 2013, Roger Miller, doing business as Roger’s Auto Service (“Miller”), filed his complaint against Safety-Kleen, asserting claims of misrepresentation, suppression, and unjust enrichment arising from “late fees” charged to Miller by Safety-Kleen; Miller specified no monetary amount of damages in his complaint, but he sought to recover all damages stemming from Safety-Kleen’s wrongful acts, including compensatory and punitive damages. Like EMP, Miller did not include a request for a jury trial in his complaint. Miller also filed discovery requests similar to those filed in the Eufaula Marine action. The Eufaula Marine action and the Miller action were consolidated by the circuit court for purposes of discovery.
On May 6, 2013, Safety-Kleen filed a motion seeking to transfer the Miller action to the district court on the basis of an insufficient amount in controversy. On June 20, 2013, Miller joined in EMP’s response to Safety-Kleen’s motion to transfer. On July 10, 2013, the circuit court denied Safety-Kleen’s motion to transfer the Miller action to the district court, but it indicated that it would reconsider the motion to transfer after discovery had been completed.
On August 20, 2013, Safety-Kleen timely filed its petition for a writ of mandamus relating to the Miller action. On August 23, 2013, this court consolidated Safety-Kleen’s petitions for a writ of mandamus ex mero motu. On August 26, 2013, this court ordered the circuit court to stay all proceedings in both actions pending further order of this court.

Standard for Issuing a Writ of Mandamus

A writ of mandamus is an extraordinary remedy, and it is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Inverness Constr. Co., 775 So.2d 153,156 (Ala.2000).

Analysis

Section 12 — 12—31 (a), Ala.Code 1975, provides, in part: “The district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed three thousand dollars ($3,000).” Section 12-11-9, Ala.Code 1975, provides, in pertinent part: “If a case filed in the circuit court is -within the exclusive jurisdiction of a district court ..., the circuit clerk or a judge of the court where the case was filed shall transfer the case to the docket of the appropriate court....” Alabama caselaw has consistently construed § 12-11-9 to mean that a circuit court must transfer to the appropriate district *1186 court a case in which the amount in controversy is $3,000 or less and that a circuit court has no subject-matter jurisdiction to make any other orders in regard to such a case. See, e.g., Ex parte Owens, 533 So.2d 617 (Ala.1988); Culbreth v. Watson, 903 So.2d 127 (Ala.Civ.App.2004); and Gill v. Burrell, 876 So.2d 487 (Ala.Civ.App.2003).
Generally speaking, the amount in controversy for jurisdictional purposes “is determined by the amount asked for in the complaint.” Karrh v. Crawford-Sturgeon Ins., Inc., 468 So.2d 175,177 (Ala.Civ.App.1985) (citing C. Gamble & D. Corley, Alabama Law of Damages §§ 1-3 (1981)). When a plaintiff fails to specify in the complaint the amount of damages it is claiming, that failure does not automatically divest the circuit court of jurisdiction. See Ex parte Dennis, 681 So.2d 157 (Ala.Civ.App.1995). Rather, in determining subject-matter jurisdiction, the amount in controversy must be ascertained from bases other than the ad damnum clause of the complaint. Id. In Ex parte Phil Owens Used Cars, Inc., 4 So.3d 418, 423-24 (Ala.2008), our supreme court held that a court considering a motion to dismiss for lack of personal jurisdiction must consider the facts in the complaint as true unless controverted by the defendant’s affidavits. If the defendant makes a prima facie eviden-tiary showing that the court lacks personal jurisdiction, the plaintiff is then required to substantiate its jurisdictional allegations in the complaint by affidavits or other competent evidence, and the plaintiff may not merely reiterate the factual allegations in the complaint. We cannot discern any reason why that same analysis would not apply when adjudicating a motion to transfer for lack of subject-matter jurisdiction.
Safety-Kleen attached to its motions to transfer affidavits of a company representative establishing that EMP had paid $88.60 in fuel surcharges and that Miller had paid a single late fee of $25.00, although he had been invoiced for additional late charges that had been waived or otherwise credited to his account. Safety-Kleen argued that, under the theories of recovery respectively asserted by EMP and Miller, their special damages could not exceed $88.60 and $25.00, respectively. As for punitive damages, Safety-Kleen pointed out that the United States Supreme Court has indicated that “few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.” State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). Safety-Kleen argued that the circuit court would have to assume an award of punitive damages at a constitutionally impermissible rate of over 33 times the compensatory damages in the Eufaula Marine action and 120 times the compensatory damages in the Miller action in order to reach the threshold jurisdictional amount of $3,001. Through its filings, Safety-Kleen made out a prima facie case that the circuit court lacked subject-matter jurisdiction.
Based on the materials filed by Safety-Kleen, the burden shifted to the respondents, as plaintiffs below, to present competent evidence establishing that the amount in controversy exceeds the jurisdictional threshold of the circuit court. See Ex parte Burnell, 90 So.3d 708, 715 (Ala.2012) (citing multiple cases holding that the plaintiff has the burden of establishing jurisdiction when challenged by the defendant). In their joint response to the motions to transfer, EMP and Miller informed the circuit court that they had reviewed the billing records provided by Safety-Kleen. The respondents further stated:
“Based upon these records, there has been a late charge assessed in the *1187 amount of $25.00, and the contract appears to extend for five years at approximately between $194.11 and $211.00 per month. Based upon the breach of contract alone, this would bring the total amount of special damages within the jurisdictional threshold for the Circuit Court of Barbour County. Furthermore, there are claims for mental anguish, emotional distress and punitive damages, which would only increase those numbers.”
We find that the response failed to rebut Safety-Kleen’s evidentiary showing. As noted above, the respondents did not file a claim alleging breach of contract. Moreover, the mere fact that Safety-Kleen charged monthly fees in an average amount of approximately $204 per month does not establish that the respondents had been overcharged that full amount. In their complaints, the respondents did not claim damages for every amount charged by Safety-Kleen, but only for the fuel surcharge and late fees charged, respectively, which amounts appear to be undisputed.
The respondents also did not expressly claim damages for mental anguish in their complaints. Assuming, without deciding, that the respondents can recover damages for mental anguish, they did not present any evidence of the alleged mental anguish they endured from the overpayment of $88.60 and $25.00, respectively, from which the circuit court could have estimated the value of those purported claims. Similarly, the respondents did not provide the circuit court with any evidence or argument to substantiate their claim that punitive damages could be recovered and that they could exceed the jurisdictional threshold of the circuit court.
The respondents did assert that they needed to conduct discovery in order to calculate damages and requested that the circuit court suspend a ruling on the motions to transfer until discovery could be completed. In Aeroflex Wichita, Inc. v. Filardo, 294 Kan. 258, 275 P.3d 869 (2012), the Kansas Supreme Court, in an excellent discussion of the procedure for ruling on motions to dismiss based on lack of jurisdiction, held that a trial court has discretion to order discovery on a jurisdictional issue before ruling, which the circuit court did in this case. Under Alabama law, when a dispute arises over discovery matters, the resolution of that dispute is left to the sound discretion of the trial court. Ex parte John Alden Life Ins. Co., 999 So.2d 476 (Ala.2008). Its ruling on those matters will not be reversed absent a showing of an abuse of discretion and substantial harm to the appellant. Id.
In a similar context, Rule 56(f), Ala. R. Civ. P., requires a party to file an affidavit specifically describing the nature of discovery needed in order to respond to a motion for a summary judgment before a ruling on the motion can be continued for that reason. See McGhee v. Martin, 892 So.2d 398 (Ala.Civ.App.2004). Safety-Kleen points out that it voluntarily disclosed documents to the respondents relating to their transactions and made an offer, to which the respondents never replied, to provide the transcripts and exhibits from previously taken depositions in a parallel class action. Safety-Kleen maintains that no further discovery is needed on the issue of the amounts in controversy. The respondents did not specify to the circuit court the discovery they needed in order to obtain evidence in support of their jurisdictional claim, and neither respondent has filed an answer with this court to explain the nature of the discovery they need to ascertain the damages they are claiming in the underlying eases. Moreover, their voluminous outstanding discovery requests *1188 do not appear to be limited to the jurisdictional dispute at issue.
Safety-Kleen moved to transfer the cases in part to avoid the costs of complying with the respondents’ discovery requests, which their counsel, by affidavit, estimated could exceed $200,000. Rule 26(dc), Ala. R. Civ. P., limits discovery in district-court actions and would prohibit certain video depositions that the respondents had noticed to the extent the deponent would be available to testify at trial. Also, the circuit court had appointed a special master to deal with discovery matters, which appointment would not be allowed in the district court. See Rule 53(dc), Ala. R. Civ. P. Safety-Kleen argues that the amounts in controversy do not justify the discovery requested or the costs associated therewith and that the discovery would in some instances duplicate other discovery already provided to respondents’ attorneys in other similar cases. The respondents provided nothing to the circuit court or to this court to refute that showing.
Given the particular circumstances of this case, the circuit court did not have an evidentiary basis for continuing the ruling on the motions to transfer to allow discovery, and its decision to allow discovery before ruling has subjected Safety-Kleen to substantial harm. On that basis, we conclude that the circuit court exceeded its discretion in delaying a ruling on the motions to transfer for discovery purposes. The circuit court should have ruled based solely on the evidence before it, which evidence conclusively proved that the amounts in controversy did not exceed $3,000 and that the motions to transfer were due to be granted.
In so holding, we do not overrule Ex parte Dennis, supra, as requested by Safety-Kleen. In Ex parte Dennis, three plaintiffs brought personal-injury claims against one defendant in circuit court. The plaintiffs in that action did not specify the amount of damages they were seeking. The defendant moved to transfer the case to district court, apparently arguing that the failure to specify an amount of damages automatically divested the circuit court in that case of jurisdiction. This court rejected that argument, holding that the circuit court in that case was presumed to have jurisdiction, that the fact that the plaintiffs had requested a jury demand signified that the case did not belong in district court, where jury trials are not allowed, and that the plaintiffs could prove the amount in controversy later at trial. In this case, Safety-Kleen did not rest merely on an argument that a claim for unspecified damages divests the circuit court of jurisdiction; it presented evidence proving that the amounts in controversy do not exceed the circuit court’s threshold jurisdictional amount. That evidentiary showing, which was not at issue in Ex parte Dennis, puts these cases in a different procedural posture. We remain convinced that, in some cases, such as when a defendant fails to make an evidentiary showing of the amount in controversy or when the evidence of the amount in controversy is in dispute, a trial court could, in its discretion, leave the jurisdictional issue to be decided until after a trial on the merits. See Filardo, supra. We therefore hold that these cases, due to their factual differences, do not fall within the rule of Ex parte Dennis.
Because the respondents did not carry their burden of proving that the amounts in controversy fell within the jurisdiction of the circuit court, and because the respondents did not describe sufficiently the discovery needed to prove the subject-matter jurisdiction of the circuit court, we conclude that Safety-Kleen has a clear legal right to have the cases transferred to *1189 the district court. We therefore grant the petitions for a writ of mandamus and direct the circuit court to vacate its orders denying the motions to transfer and to enter new orders granting the motions and transferring the cases to the district court. We also direct the circuit court to vacate any discovery orders or other orders it has entered in these cases, which are void for lack of subject-matter jurisdiction. See generally Chappell v. JP Morgan Chase Bank, NA, 106 So.3d 904 (Ala.Civ.App.2012); see also Ex parte Montgomery, 97 So.3d 148, 154 (Ala.Civ.App.2012) (quoting Ex parte Montgomery, 79 So.3d 660, 667 (Ala.Civ.App.2011)) (“ ‘Mandamus will lie to direct a trial court to vacate a void judgment or order.’ ”).
2120980 — PETITION GRANTED; WRIT ISSUED.
2120981 — PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.